NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD J. CRANE, | ) | No. C 07-4620 JF (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL DISMISSAL |
| | ) | AND OF SERVICE; DIRECTING |
| vs. | ) | DEFENDANTS TO FILE |
| | ) | DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| D. AMBRIZ, et al., | ) | MOTION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against California state prison officials. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Court will dismiss one of Plaintiff's two claims because it fails to state a cognizable basis for relief, and order service of the complaint on Defendants based on Plaintiff's other, cognizable claim.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed the complaint, the Court finds that Plaintiff's allegations, liberally construed, state a cognizable claim against Defendants that they violated his First Amendment rights by retaliating against his for exercising his constitutional right to sue prison officials.

In connection with a second claim, plaintiff alleges his discipline for being "out of bounds" violates his constitutional rights to "fair warning" Bouie v. City of Columbia, 378 U.S. 347 (1964). Bouie determined that if a judicial construction of a criminal statute is "'unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue,' [the construction] must not be given retroactive effect." Bouie, 378 U.S. at 354 (citation omitted). The rationale of Bouie and its progeny rests on the core due process concepts of notice, foreseeability, and the right to fair warning of criminal penalties. Rogers v. Tennessee, 532 U.S. 451, 459 (2001). Here, Plaintiff suffered no criminal penalty, only an administrative citation, in connection with his discipline. Plaintiff attaches the Rule Violation Report, which indicates Plaintiff was counseled, warned and reprimanded, and he lost various privileges, such as use of the dayroom, family visits, and special purchases, for thirty days. (Complaint at Ex. A.) Plaintiff did not even suffer any loss of good time credits or any other type of punishment affecting the duration of his confinement. (Id.) Bouie and the constitutional requirement

of fair notice for criminal statutes do not apply here because the prison regulation Plaintiff violated is not a criminal statute, and Plaintiff suffered no criminal penalties in connection with the discipline he received.[1] Accordingly, plaintiff's second claim will be dismissed for failure to state a cognizable basis for relief under § 1983.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's second claim is DISMISSED for failure to state a cognizable basis for relief.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Correctional Officer D. Ambriz, Correctional Officer Zornes, Correctional Sergeant D. Galloway, Captain S. Hatton, Chief Disciplinary Officer D. M. Mantel, and Chief Deputy Warden G.A. Neotti** at **Salinas Valley State Prison.** The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint found to be cognizable above.

    a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v.

---

[1] The Court notes that Plaintiff's constitutional right to due process is also not implicated by his discipline because he received no loss of good time credits in connection with his discipline, and as such did not suffer an "atypical and significant hardship" within the meaning of Sandin v. Conner, 515 U.S. 472, 484-87 (1995) (finding due process not implicated where duration of custody not affected and plaintiff not exposed to conditions atypical of prisons generally); cf. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003) (finding placement in segregated housing does not on its own rise to atypical hardship under Sandin).

Terhune, 540 U.S. 810 (2003).

      b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

      a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

      b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute

---

[2]The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

> about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

//
//
//

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 2/29/08

JEREMY FOGEL
United States District Judge

A copy of this ruling was mailed to the following:

Richard J. Crane
C-44519
Salinas Valley State Prison
31625 Hwy 101
P.O. Box 1050
Soledad, CA 93960

Order of Partial Dismissal and of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.Jf\CR.07\Crane620srv.wpd       7