1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  DANIELLE F. O'BANNON, State Bar No. 207095
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5735
     Fax: (415) 703-5843
8    Email: Danielle.OBannon@doj.ca.gov

9  Attorneys for Defendants Ambriz, Galloway, Hatton,
   Neotti, Mantel and Zornes
10

11

12                  IN THE UNITED STATES DISTRICT COURT

13             FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                          SAN JOSE DIVISION

15  | RICHARD J. CRANE,         |              | C 07-4620 JF |

16  |                           | Plaintiff,   | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |

17  |        v.                 |              |              |

18  | D. AMBRIZ, et al.,        |              |              |

19  |                           | Defendants.  |              |

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

| | Page |
|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | 2 |
| INTRODUCTION | 2 |
| ISSUES PRESENTED | 2 |
|     A.  Exhaustion | 2 |
|     B.  Failure to State a Claim | 2 |
|     C.  Qualified Immunity | 3 |
| STATEMENT OF THE CASE | 3 |
| STATEMENT OF FACTS | 4 |
|     A.  Background | 4 |
|         I.  Retaliatory Actions that Allegedly Occurred on March 8, 2007. | 4 |
|         II.  Retaliatory Actions that Allegedly Occurred on March 16, 2007. | 4 |
|         III.  Retaliatory Actions that Allegedly Occurred on March 19, 2007. | 5 |
|         IV.  Retaliatory Actions that Allegedly Occurred on March 20, 2007. | 5 |
|         V.  Alleged Retaliatory Actions Related to the Granting of the Disciplinary Report. | 5 |
|     B.  The Inmate Appeals Process. | 6 |
|     C.  Plaintiff's Inmate Appeal. | 6 |
| ARGUMENT | 7 |
|     I.  THIS ACTION SHOULD BE DISMISSED UNDER THE NON-ENUMERATED PORTION OF RULE 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR FAILURE TO EXHAUST\ ADMINISTRATIVE REMEDIES. | 7 |
|         A.  Exhaustion is Mandatory Under the Prison Litigation Reform Act. | 7 |
|         B.  Plaintiff's Suit is Barred Because He Failed to Exhaust His Administrative Remedies Against Defendants Zornes, Galloway, Hatton, Mantel, and Neotti. | 8 |
|             1.  Defendant Zornes | 9 |
|             2.  Defendants Galloway, Hatton, Mantel | 9 |
|             3.  Defendant Neotti | 10 |

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.        R. J. Crane v. D. Ambriz, et al.
C 07-4620 JF

i

**TABLE OF CONTENTS  (continued)**

Page

II.   THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT FOR
      FAILURE TO STATE A CLAIM.                                          10

      A.   The Standard to Dismiss Under Rule 12(b)(6).                  10

      B.   Plaintiff's claims of retaliation by Defendant Zornes.       10

      C.   Plaintiff's claims of retaliation against Defendants Galloway,
           Hatton, and Mantel.                                          12

      D.   Plaintiff's claims of retaliation against Defendant Neotti.  13

      E.   Plaintiff's claims of retaliation against Defendant Ambriz.  14

III.  DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.                    15

      A.   Defendants are Entitled to Qualified Immunity Because Plaintiff
           Fails to Show Defendants' Actions Violated a Constitutional Right.  15

IV.   CONCLUSION                                                        16

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                    R. J. Crane v. D. Ambriz, et al.
                                                                   C 07-4620 JF

ii

1                          **TABLE OF AUTHORITIES**

2                                                                    **Page**

3  **Cases**

4
5  *Anderson v. Creighton*
   483 U.S. 635 (1987)å/àXÅÖ4XÅÆ                                       15

6  *Austin v Terhune*
   376 F.3d 1167 (9th Cir. 2004)                                      11
7
   *Bell Atlantic Corp. v. Twombly*
8  127 S. Ct. 1955 (2007)                                             10

9  *Bouie v City of Columbia*
   378 U.S. 347 (1964)                                                 3
10
   *Bruce v Ylst*
11 351 F.3d 1283 (9th Cir. 2003)                                   10, 11

12 *Burns v. Reed*
   500 U.S. 478 (1991)                                                15
13
   *Coakley v. Murphy*
14 884 F.2d 1218 (9th Cir. 1989)                                      10

15 *Davis v. Kissinger*
   2007 WL 127776 (E.D. Cal 2007)                                      8
16
   *Harlow v. Fitzgerald*
17 457 U.S. 800 (1982)                                                15

18 *Lira v. Herrera*
   427 F.3d 1164 (9th Cir. 2005)                                       9
19
   *McKinney v. Carey*
20 311 F.3d 1198 (9th Cir. 2002)                                       7

21 *Mitchell v. Forsyth*
   472 U.S. 511 (1985)                                                15
22
   *Pinard v Clatskanie Sch. Dist.*
23 467 F.3d 755 (9th Cir. 2006)                                       11

24 *Porter v. Nussle*
   534 U.S. 516 (2002)                                               7, 8
25
   *Pratt v. Rowland*
26 65 F.3d 802 (9th Cir. 1995)                                    11, 12

27 *Resnick v. HayesI*
   213 F.3d 443 (9th Cir. 2000)                                    12-14
28

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.         R. J. Crane v. D. Ambriz, et al.
                                                        C 07-4620 JF

                                iii

### TABLE OF AUTHORITIES  (continued)

| | Page |
|---|---|
| *Rhoades v. Robinson*<br>408 f.3d 559 (9th Cir. 2005) | 10, 11 |
| *Ritza v. Int'l Longshoremen's & Warehousemen's Union*<br>837 F.2d 365 (9th Cir. 1988) | 7 |
| *Rizzo v Dawson*<br>778 F.2d 527 (9th Cir. 1985) | 12 |
| *Sandin v Conner*<br>515 U.S. 472 (1995) | 11 |
| *Saucier v. Katz*<br>533 U.S. 194 (2001) | 15, 16 |
| *Tillis v. Lamarque*<br>2006 WL 644876, at *4 (N.D.Cal. Mar. 9, 2006) | 8 |
| *Vaden v. Summerhill*<br>449 F.3d 1047 (9th Cir. 2006) | 7 |
| *Valingham v Bojquez*<br>866 F.2d 1135 (9th Cir. 1989) | 12 |
| *White v. Lee*<br>227 F.3d. 1214 (9th Cir. 2000) | 11 |
| *Woodford v. Ngo*<br>126 S. Ct. 2378 (2006) | 6, 7 |
| *Wyatt v Terhune*<br>315 F.3d 1108 (9th Cir. 2003) | 2, 7 |

**Constitutional Provisions**

United States Constitution
  First Amendment             3, 10-12, 16

**Regulations**

California Code of Regulations, Title 15
| | |
|---|---|
| § 3084.1(a) | 6, 8 |
| § 3084.2(a) | 6 |
| § 3084.5 | 6, 8 |
| § 3314(b) | 12, 16 |
| § 3314(e)(2) | 13 |
| § 3376(e)(2) | 13 |
| § 3384.5(e)(1) | 13, 16 |

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.       R. J. Crane v. D. Ambriz, et al.<br>C 07-4620 JF

iv

## TABLE OF AUTHORITIES  (continued)

1

Page

2   **Statutes**

3   28 United States Code
4       § 1915A                                                         3

5   42 United States Code
        § 1997e(a)                                                1, 6, 7
6       § 1983                                                 1, 6, 10-11

7   **Court Rules**

8   Federal Rules of Civil Procedure
        Rule 12(b)                                                 1, 4, 7
9       Rule 12(b)(6)                                                2, 10

10

11   **Other Authorities**

12   California Department of Corrections & Rehabilitation
       Department Operations Manual (DOM) (2007)
13         §§ 54100.11.2, 54100.11.3                               13, 16

14   Prison Litigation Reform Act of 1995 (PLRA)              1, 2, 6, 16

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                 R. J. Crane v. D. Ambriz, et al.
                                                                            C 07-4620 JF

v

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  DANIELLE F. O'BANNON, State Bar No. 207095
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5735
    Fax: (415) 703-5843
8   Email: Danielle.OBannon@doj.ca.gov

9  Attorneys for Defendants Ambriz, Galloway, Hatton,
   Neotti, Mantel and Zornes

10

11                IN THE UNITED STATES DISTRICT COURT

12             FOR THE NORTHERN DISTRICT OF CALIFORNIA

13                         SAN JOSE DIVISION

14

15  RICHARD J. CRANE,                        C 07-4620 JF

16                         Plaintiff,        **DEFENDANTS' NOTICE OF
                                             MOTION AND MOTION TO**
17           v.                              **DISMISS; MEMORANDUM
                                             OF POINTS AND**
18  D. AMBRIZ, et al.,                       **AUTHORITIES**

19                         Defendants.

20

21  TO RICHARD J. CRANE IN PRO PER:

22       PLEASE TAKE NOTICE THAT Defendants Galloway, Hatton, Neotti, Mantel and Zornes

23  move this Court to dismiss this 42 U.S.C. § 1983 action for failure to exhaust administrative

24  remedies under the non-enumerated portion of Rule 12(b) of the Federal Rules of Civil

25  Procedure, as mandated by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

26       PLEASE TAKE FURTHER NOTICE THAT Defendants Galloway, Hatton, Neotti, and

27  Mantel move this court to dismiss this 42 U.S.C. § 1983 action for failure to state a claim upon

28  which relief can be granted under the non-enumerated portion of Rule 12(b) of the Federal Rules

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                    R. J. Crane v. D. Ambriz, et al.
                                                                              C 07-4620 JF

                                         1

1  of Civil Procedure. Defendants Ambriz, Galloway, Hatton, Neotti, Mantel and Zornes also move

2  under Rule 12(b)(6) to dismiss this action on the ground that they are entitled to qualified

3  immunity.

4      PLEASE TAKE FURTHER NOTICE that the Court may look beyond the pleadings and

5  decide disputed issues of fact when ruling on Defendants' non-enumerated Rule 12(b) motion.

6  *Wyatt v. Terhune,* 315 F.3d 1108, 1119-20 (9th Cir. 2003). Plaintiff may provide evidence to the

7  Court to dispute that which is presented by the Defendant. *Id.* & at n.14.

8      This motion is based on this notice of motion, the supporting memorandum of points and

9  authorities, the declarations and exhibits filed in support, and the pleadings and records on file

10 with the Court.

11     In the event that the Court denies this motion, in whole or in part, Defendants respectfully

12 requests that the Court grant Defendants additional time to file a motion for summary judgement.

13          **MEMORANDUM OF POINTS AND AUTHORITIES**

14                  **INTRODUCTION**

15     This is a civil-rights lawsuit filed by a state prisoner, Richard Joseph Crane (Plaintiff).

16 Plaintiff sued six Defendants for six separate acts of retaliation. This case should be dismissed in

17 because Plaintiff failed to exhaust his administrative remedies as required by the PLRA, failed to

18 state a claim a claim upon which relief can be granted, and the qualified immunity doctrine

19 insulates Defendants from liability.

20                  **ISSUES PRESENTED**

21 **A.    Exhaustion**

22     Under the Prison Litigation Reform Act, Plaintiff must exhaust his administrative remedies

23 before filing suit. Plaintiff submitted one inmate appeal concerning the claims in this action.

24 That inmate appeal only concerned Defendant Ambriz's alleged action on March 16, 2007. It did

25 not concern any other Defendant's actions. Must the remaining Defendants be dismissed from

26 this action for Plaintiff's failure to exhaust administrative remedies before filing suit?

27 **B.    Failure to State a Claim**

28     Plaintiff alleges that Defendants Galloway, Hatton, Mantel, and Neotti participated in acts

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                    R. J. Crane v. D. Ambriz, et al.
                                                                    C 07-4620 JF

2

1  of retaliation by reviewing and approving a disciplinary report (also known as CDC 115 Rules

2  Violation Report) prepared by Defendant Ambriz in retaliation for lawsuits filed by Plaintiff

3  against Defendants.  Are Plaintiff's claims, as alleged in his Complaint, insufficient to state a

4  claim of retaliation against each Defendant?

5  **C.   Qualified Immunity**

6      Defendant Zornes searched Plaintiff's cell, Defendant Ambriz drafted a disciplinary report

7  alleging that Plaintiff was "out of bounds," Defendant Galloway found plaintiff guilty of being

8  "out of bounds," Defendants Hatton and Mantel reviewed and approved the report for being "out

9  of bounds," and Defendant Neotti prepared an inmate appeal response.  Are Defendants entitled

10  to immunity for their clearly proscribed actions?

11                      **STATEMENT OF THE CASE**

12      Plaintiff alleges that Defendants retaliated against him.  He alleges that because he

13  threatened to submit an inmate appeal, Defendant Ambriz deliberately engaged in retaliatory

14  conduct against him by drafting a disciplinary report alleging plaintiff was "out of bounds."  He

15  alleges that Defendant Zornes deliberately engaged in retaliatory conduct against him when

16  Defendant Zornes searched his cell and refused to allow Plaintiff to go to the law library.  He

17  also alleges that Defendants Hatton, Mantel and Galloway deliberately engaged in retaliatory

18  conduct against him when they reviewed and approved the disciplinary report written by

19  Defendant Ambriz.  He alleges that Defendant Neotti deliberately engaged in retaliatory conduct

20  against him by failing to interview any of the witnesses named in Plaintiff's administrative

21  grievance and affirming the guilty finding in the disciplinary report.

22      Plaintiff filed his Complaint in this case on September 5, 2007.  The Court screened the

23  Complaint under 28 U.S.C. § 1915A, and found a cognizable claim for retaliation against

24  Defendants for violating Plaintiff's First Amendment right by retaliating against him for

25  exercising his constitutional right to sue prison officials and dismissed Plaintiff's second claim

26  that his constitutional rights to a fairing warning under *Bouie v City of Columbia*, 378 U.S. 347

27  (1964) was violated after being disciplined for being out of bounds.  (Order of Partial Dismissal

28  and Service at 2.)

1   Defendants now submit this motion to dismiss under the non-enumerated portion of Rule

2   12(b) for Plaintiff's failure to exhaust administrative remedies before filing suit, for failure to

3   state a claim, and for qualified immunity.

4   <center>**STATEMENT OF FACTS**</center>

5   **A.   Background**

6       **I.     Retaliatory Actions that Allegedly Occurred on March 8, 2007.**

7       Plaintiff claims that Defendant Ambriz stopped Plaintiff at the entrance to SVSP building 3

8   on March 8, 2007, while plaintiff returned from the law library, and stated "Crane you're still

9   going to be in prison." (Compl. ¶ III.)  Plaintiff further claims that Defendant Ambriz taunted

10  Plaintiff in retaliation for suing correctional officers.  (*Id.*)

11      **II.    Retaliatory Actions that Allegedly Occurred on March 16, 2007.**

12      On March 16, 2007 at 7:30 p.m., inmates Michael Clark and Todd Amos, in the cell next to

13  Plaintiff, called out of their cell to Defendant Zornes and asked if he could turn the power back

14  on. (Compl. ¶¶ III, 16.)  In response, Defendant Zornes asked Defendant Ambriz, who was

15  located in the control tower of SVSP building 3 for the key to open the chase, (box between the

16  cells that houses the power source). (*Id.*)  Defendant Ambriz gave a key to Defendant Zornes

17  who attempted to use the key. (*Id.*)  Defendant Zornes informed Defendant Ambriz that the key

18  did not work. (*Id.*)

19      Inmate Michael Clark then informed Plaintiff that Defendant Ambriz must have given

20  Defendant Zornes the wrong key and maybe Defendant Ambriz did not want the power on

21  because it would prevent Plaintiff from typing pleading against correctional staff.  (*Id.* ¶ 17.)  In

22  response to inmate Michael Clark's statement, Plaintiff attempted to ask Defendant Ambriz if he

23  could speak with him, by calling out of his cell. (*Id.* ¶ 19.)  Defendant Ambriz responded "I can't

24  hear you ," and "what?" (*Id.*)  In response, Plaintiff replied "do I have to write it up?" (*Id.*)

25  Thereafter, Defendant Ambriz told Defendant Zornes that Plaintiff was threatening to "file on

26  him." (*Id.*)  Defendant Zornes approached Plaintiff's cell with a key striking the cell window

27  stating "the key doesn't work.  Your power will be off until Monday.  If you want to 602 me go

28  ahead, the name is Zornes." (*Id.*)

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                                    R. J. Crane v. D. Ambriz, et al.
                                                                                  C 07-4620 JF

4

1    At approximately 11:00 p.m., inmate Michael Clark asked a different shift of officers if they

2 could turn the power on. (*Id.* ¶ 20.) When the power was turned back on, Plaintiff realized

3 Defendant Ambriz had given the wrong key to Defendant Zornes and created a conflict between

4 Defendant Zornes and Plaintiff. (*Id.*)

5    **III.  Retaliatory Actions that Allegedly Occurred on March 19, 2007.**

6    On March 19, 2007, Defendant Zornes searched Plaintiff's cell. (*Id.* ¶ 23.) In Plaintiff's

7 Affidavit in Support of Temporary Restraining Order, he claims that Defendant Zornes tossed

8 Plaintiff and Plaintiff's cellmate's items around and left without supplying a cell search receipt.

9 (Compl. Ex. B at ¶ 9.)

10    On the same day, Defendant Ambriz wrote a disciplinary report, alleging that Plaintiff was

11 "out of bounds." Plaintiff did not become aware of this report until March 28, 2007. (*Id.*)

12 Plaintiff claims that the disciplinary report was written in retaliation for plaintiff threatening to

13 file an inmate grievance against Defendant Ambriz. (*Id.* at ¶ 25.)

14    **IV.  Retaliatory Actions that Allegedly Occurred on March 20, 2007.**

15    Plaintiff alleges that on March 20, 2007, Defendant Zornes refused to allow Plaintiff to

16 attend the law library. (*Id.* ¶ 24.) In Plaintiff's Affidavit in Support of Temporary Restraining

17 Order, he claims that Defendant Zornes told him to go back in his cell and to lock up because

18 they had not called for him and that Defendant Zornes was acting wild and aggressive. (Compl.

19 Ex. B at ¶ 14.)

20    **V.   Alleged Retaliatory Actions Related to the Granting of the Disciplinary Report.**

21    On April 11, 2007, Defendant Galloway found Plaintiff guilty of being "out of bounds" and

22 assessed punishment of Loss of Privileges for 30 days. (Compl. ¶ 28 & Ex. A.) Plaintiff claims

23 that Defendant Galloway's actions were in retaliation for a "Motion As Amicus Curia to enforce

24 violation of California Prisons Health Care Receivership" filed by Plaintiff. (*Id.* ¶ 34.)

25    On April 17, 2007, Defendant Hatton and Defendant Mantel reviewed and approved the

26 disciplinary report. (*Id.* ¶¶ 29, 30.) Plaintiff claims that Defendants Hatton and Mantel's actions

27 were in retaliation for filing federal cases against them. (*Id.* ¶¶ 31, 32.)

28    Plaintiff also claims that Defendant Neotti did not interview any of the witnesses named in

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                    R. J. Crane v. D. Ambriz, et al.
C 07-4620 JF

5

1   Plaintiff's administrative appeal, merely affirmed the guilty finding of the allegedly false and

2   retaliatory disciplinary report, and waited until August 9, 2007 to deliver the denial which was

3   dated June 20, 2007.  Plaintiff claims that Defendant Neotti's actions were in retaliation for filing

4   a case against the warden.  (*Id.* ¶¶ 36, 37.)

5   **B.    The Inmate Appeals Process.**

6           The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners to exhaust their

7   administrative remedies before filing suit:

8           "No action shall be brought with respect to prison conditions under section 1983 of this

9   title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

10  facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

11          The State of California provides its inmates with an administrative-appeals process, which

12  addresses "any department decision, action, condition or policy which they can demonstrate as

13  having an adverse effect upon their welfare." Cal. Code Regis. tit. 15, § 3084.1(a).  To initiate

14  the appeals process, an inmate need only fill out a simple form Inmate/Parolee Appeal Form,

15  CDCR 602 [12/87] (Appeal Form).  Cal. Code Regs. tit. 15, § 3084.2(a); *Woodford v. Ngo*, 126

16  S. Ct. 2378, 2383 (2006).  In order to exhaust available administrative remedies within this

17  system, a prisoner must complete four levels of appeal: (1) the informal level of review, (2) the

18  first formal level of review, (3) the second formal level of review by the institution head or

19  designee, and (4) the third formal level of review, the Director's Level.  *See* Cal. Code Regs. tit.

20  15, § 3084.2(a); *see also Woodford*, 126 S. Ct. at 2383  (describing the California inmate-appeals

21  system).  Once a Director's Level decision issues, exhaustion of all available administrative

22  remedies has been completed.  *See* Cal. Code Regs. tit. 15, §§ 3084.5, 3084.1(a).

23  **C.    Plaintiff's Inmate Appeal.**

24          Plaintiff submitted inmate appeal number SVSP 07-02012 on April 4, 2007, claiming that

25  on March 19, 2007, Defendant Ambriz wrote a disciplinary report against him in retaliation for

26  Plaintiff saying he was going to submit an administrative grievance against him. (Compl. Ex. A.)

27  Plaintiff also requested an internal affairs investigation of Defendant Ambriz for conspiring to

28  retaliate against him for suing Salinas Valley State Prison facility 'A' Staff.  (*Id.*)  Plaintiff's

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                                R. J. Crane v. D. Ambriz, et al.
                                                                                                                        C 07-4620 JF

6

1  inmate appeal bypassed the informal level and first formal level of reviews. (*Id.*) Plaintiff's

2  appeal was denied at the Second Level of Review on June 20, 2007. (*Id.*, Compl. Ex. B.) The

3  Second Level of Review provided the Department's final review for the disciplinary report. (*Id.*;

4  Decl. N. Grannis ¶8.)

5  ## ARGUMENT

6  ## I.

7  **THIS ACTION SHOULD BE DISMISSED UNDER THE NON-ENUMERATED**
   **PORTION OF RULE 12(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR**
8  **FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.**

9  **A.    Exhaustion is Mandatory Under the Prison Litigation Reform Act.**

10       The Court of Appeals for the Ninth Circuit recognizes a defendant's right to address the

11  issue of exhaustion of administrative remedies in a motion to dismiss under the non-enumerated

12  portion of Rule 12(b) of the Federal Rules of Civil Procedure. *Wyatt v Terhune*, 315 F.3d 1108,

13  1119-20 (9th Cir. 2003); *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365,

14  368-69 (9th Cir. 1988).  In ruling on such a motion, the Court may look beyond the pleadings to

15  decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20.  If the Court concludes that the

16  inmate has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim

17  without prejudice. *Id.* at 1120.

18       This exhaustion requirement was designed to "reduce the quantity and improve the quality

19  of prisoner litigation suits." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Thus, § 1997e(a) gives

20  correction officials the opportunity to address a prisoner's complaint before the initiation of a

21  federal suit. *Id.*  To that end, exhaustion is a prerequisite to "all suits about prison life, whether

22  they involve general circumstances or particular episodes, and whether they allege excessive

23  force or some other wrong." *Id.*; *see also Vaden v. Summerhill*, 449 F.3d 1047 (9th Cir. 2006)

24  (holding that administrative exhaustion must be achieved before inmates may submit any papers

25  to federal courts); *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002) (holding that exhaustion of

26  remedies is required before a suit is filed).

27       In order to satisfy the requirements of 42 U.S.C. § 1997e(a), an inmate must "properly

28  exhaust" all available administrative remedies. *Woodford*, 126 S. Ct. at 2382.  Proper exhaustion

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                                          R. J. Crane v. D. Ambriz, et al.
                                                                                        C 07-4620 JF

7

1  of administrative remedies requires using all steps of an administrative process. *Id.* at 2385.

2  Proper exhaustion also "demands compliance with an agency's deadlines and other critical

3  procedural rules because no adjudicative system can function effectively without imposing some

4  orderly structure on the course of its proceedings." *Id.* at 2386.

5      Because the State of California provides its inmates with a four-step-administrative-appeals

6  process that is not exhausted until a final decision is issued, Plaintiff is not entitled to file an

7  action in court until he has exhausted his appeal by pursuing it through the Director's Level of

8  review. *See* Cal. Code Regs. tit. 15, §§ 3084.5, 3084.1(a).

9  **B.   Plaintiff's Suit is Barred Because He Failed to Exhaust His Administrative Remedies
       Against Defendants Zornes, Galloway, Hatton, Mantel, and Neotti.**

10

11      Plaintiff's failed to submit an inmate grievance relating to the conduct of Defendants

12  Zornes, Galloway, Hatton, Neotti, and Mantel.  The claims against these Defendants should be

13  dismissed.  *See Porter*, 534 U.S. at 524–25.

14      Plaintiff submitted only one administrative appeal related to retaliatory conduct by any of

15  the named Defendants.  (Decl. T. Variz ¶ 6 & Ex. A; Decl. N. Grannis ¶ 7 & Eh. A.)  Inmate

16  Appeal No. 07-02012 states that Defendant Ambriz wrote a disciplinary report in retaliation for

17  Plaintiff's remark about submitting an inmate appeal against him on March 16, 2007, and for

18  Plaintiff filing lawsuits.  (Compl. at 5, 9.)  Plaintiff submitted three inmate appeals for March

19  and April 2007, the time period at issue in this action.  (Decl. T. Variz Ex. A.)  None of the

20  issues raised in those three inmate appeals relate to any of the claims contained in this action,

21  other than inmate appeal no. 07-02012.  (Decl. T. Variz ¶ 7.)

22      A prison appeal need not name each defendant named in a subsequent federal action as a

23  matter of law."  *Tillis v. Lamarque*, 2006 WL 644876, at *4 (N.D.Cal. Mar. 9, 2006) (finding that

24  the inmate appeal form "does not require anyone to be named").  However, the appeal must set

25  forth allegations that refer to the specific conduct alleged in the complaint.  *See Davis v.*

26  *Kissinger,* 2007 WL 127776 (E.D. Cal 2007).

27      Here, Plaintiff failed to submit an inmate appeal that relates to the conduct described in his

28  complaint as to Defendants Zornes, Galloway, Hatton, Mantel, and Neotti.

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                    R. J. Crane v. D. Ambriz, et al.
                                                                  C 07-4620 JF

1    **1.    Defendant Zornes**

2    Inmate appeal no. 07-02012 mentions only two of the named Defendants and refers to

3    incidents occurring on March 16 and March 19, 2007. (Compl. Ex. A.)  Although inmate appeal

4    No. 07-02102 complained that Defendant Ambriz told Defendant Zornes that Plaintiff threatened

5    to submit a grievance against him which caused Defendant Zornes to yell at Plaintiff, it made no

6    mention of any wrongdoing by Defendant Zornes nor did it complain that Defendant Zornes took

7    any action against Plaintiff in retaliation for any statement, act, grievance, or suit submitted by

8    Plaintiff.  (*Id.*)  Further, Plaintiff did not request that any action be taken against Defendant

9    Zornes for any of his alleged actions on March 16 or March 19, 2007.  (*Id.*)

10    Moreover, Plaintiff alleges in his Complaint that Defendant Zornes acted in retaliation by

11    searching his cell on March 20, 2007.  (*Id.* at ¶ 24.)  Plaintiff does not mention, however

12    retaliatory conduct by anyone on March 20, 2007 in inmate appeal no. 07-02102, and it cannot be

13    inferred from the contents of the appeal that Plaintiff was complaining about any actions of

14    Defendant Zornes that took place on that date.  (Compl. Ex. A.)

15    **2.    Defendants Galloway, Hatton, Mantel**

16    In his Complaint, Plaintiff claims that Defendants Galloway, Hatton, and Mantel acted in

17    retaliation when they either found Plaintiff guilty of being "out of bounds" and assessed

18    punishment of Loss of Privileges for 30 days, or reviewed and approved the false and retaliatory

19    disciplinary report prepared by Defendant Ambriz.  (Compl. ¶¶ 29 - 32.)  However, the

20    allegations against these Defendants in Plaintiff's Complaint are not related to inmate appeal no.

21    07-02012 submitted on April 4, 2007.  The alleged retaliatory conduct by these Defendants did

22    not occur until *after* Plaintiff submitted his inmate appeal.  (*See id.* ¶¶ 28, 29, 30, 34.)

23    Moreover, it cannot be inferred from Defendants' actions that their conduct could fall within

24    allegations set forth in inmate appeal no. 07-02012, because the alleged conduct did not occur

25    until after Plaintiff submitted his inmate appeal.  Moreover, Defendants' conduct is not

26    interwined with the claims outlined in inmate appeal no. 07-02012.  Therefore, the Court should

27    dismiss the unexhausted claims and Defendants.  *See Lira v. Herrera*, 427 F.3d 1164, 1175 (9th

28    Cir. 2005).

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                                    R. J. Crane v. D. Ambriz, et al.
                                                                                   C 07-4620 JF

1    **3.    Defendant Neotti**

2    Plaintiff's allegations against Defendant Neotti relate to the denial of inmate appeal No. 07-

3    02012.  Plaintiff has not submitted an inmate grievance against Defendant Neotti regarding

4    Defendant Neotti's failure to interview witnesses identified in Plaintiff's inmate appeal no. 07-

5    02012.  (Decl. T. Variz ¶ 7.)  The claims against Defendant Neotti should be dismissed for

6    Plaintiff's failure to exhaust.  Plaintiff did not exhaust any claims against Defendant Neotti

7    because Defendant Neotti's denial took place after the inmate appeal was submitted and was

8    related to the denial of the inmate appeal no. 07-02012.

9                                                           **II.**

10    **THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO**
       **STATE A CLAIM.**

11

12    **A.    The Standard to Dismiss Under Rule 12(b)(6).**

13    A case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it fails to

14    state a claim upon which relief can be granted.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct.

15    1955, 1969 (2007).  Where a complaint's defects are not curable, the court should dismiss

16    without leave to amend.  *See Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989) (affirming

17    dismissal without leave to amend where complaint's defects were not curable).  Here, Plaintiff

18    has failed to allege facts sufficient to support a first amendment claim for retaliation against each

19    Defendant.

20    **B.    Plaintiff's claims of retaliation by Defendant Zornes**

21    An allegation of retaliation against a prisoner's First Amendment right to submit a prison

22    grievance is sufficient to support a claim under § 1983.  *Bruce v Ylst*, 351 F.3d 1283, 1288 (9th

23    Cir. 2003).  A claim of First Amendment retaliation contains five basic elements: (1) a state actor

24    took an adverse action against the Plaintiff: (2) because of; (3) the Plaintiff's protected conduct,

25    and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) the

26    action did not reasonably advance a legitimate correctional goal.  *Rhoades v. Robinson*, 408 f.3d

27    559, 567-68 (9th Cir. 2005).  In regards to the fourth element, the Ninth Circuit has indicated that

28    an allegation of "harm that is more than minimal," may suffice if a plaintiff fails to allege a

Defs' Not. Mot. & Motion Dismiss; Mem. P. & A.                                    R. J. Crane v. D. Ambriz, et al.
                                                                                        C 07-4620 JF

10

1  chilling effect. *Id.* at 567 n.11.

2      Moreover, prisoner retaliation claims should be evaluated in light of *Sandin v Conner*, 515

3  U.S. 472 (1995), in which the Supreme Court stated that courts ought to afford appropriate

4  deference and flexibility to state officials trying to manage a volatile environment, especially

5  with regard to the fine-tuning of the ordinary incidents of prison life. *See Pratt v. Rowland*, 65

6  F.3d, 802, 807 (9th Cir. 1995).

7      Here, Plaintiff's allegations fail to satisfy the pleading requirements for a retaliation claim

8  because they are insufficient to establish an adverse action on the part of Defendant Zornes.

9  Plaintiff claims that Defendant Zornes searched Plaintiff's cell on March 19, 2007, and on March

10  20, 2007 refused to allow Plaintiff to go to the law library. (Compl. ¶¶ 23, 24.) The only further

11  information on these issues are contained in Plaintiff's affidavit in support of temporary

12  restraining order filed in another matter on March 26, 2007, attached to the Complaint as Exhibit

13  B. In the affidavit, Plaintiff claims that on March 19, 2007, Defendant Zornes came to work and

14  went into Plaintiff's cell and tossed items of both Plaintiff and Plaintiff's cellmate without

15  supplying a cell search receipt. (Compl. Ex. B at 3.) The affidavit further claims that on March

16  20, 2007, when his door was opened to go to the law library, Defendant Zornes told Plaintiff to

17  go back to his cell and to lock up because they had not called for him. (*Id.* at 4.) Lastly, Plaintiff

18  claims in his affidavit that at the time, Defendant Zornes was acting wild and aggressive. (*Id.*)

19      Although it is impermissible for prison officials to retaliate against inmates for engaging in

20  protected activities, such as submitting prison grievance, not every allegedly adverse action is

21  sufficient to support a claim under § 1983 for retaliation. An adverse action is an action that

22  "would chill a person of ordinary firmness" from engaging in that activity. *Pinard v Clatskanie*

23  *Sch. Dist.,* 467 F.3d 755, 770 (9th Cir. 2006); *White v. Lee*, 227 F.3d. 1214, 1228 (9th Cir. 2000).

24  Ninth Circuit cases addressing First Amendment retaliation claims involve situations were the

25  action taken by the defendant was clearly adverse to the plaintiff. *See Rhodes*, 408 F.3d at 568

26  (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in

27  retaliation for filing grievances); *Austin v. Terhune* 376 F.3d 1167, 1171 (9th Cir. 2004) (prisoner

28  placed in administrative segregation in retaliation for fling grievances); *Bruce,* 351 F.3d at 1288

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                                R. J. Crane v. D. Ambriz, et al.
                                                                              C 07-4620 JF

11

1  (validated as a gang member in retaliation for filing grievances); *Pratt*, 65 F.3d at 806 (9th Cir.

2  1995) (retaliatory prison transfer and double-cell status); *Valingham v Bojquez*, 866 F.2d 1135,

3  1138 (9th Cir. 1989) (prisoner labeled a snitch and approached by other inmates and threatened

4  with harm as a result); *Rizzo v Dawson*, 778 F.2d 527, 530-32 (9th Cir. 1985) (prisoner was

5  reassigned out of vocational class and transferred to a different prison in retaliation for filing

6  grievances).

7      In contrast, Plaintiff merely alleges that on one occasion Defendant Zornes searched

8  Plaintiff's cell and tossed his property around while using an obscene word and on another

9  occasion Defendant Zornes refused to let Plaintiff go to the library because he had not yet been

10  called. (Compl. ¶¶ 23, 24.)  Plaintiff does not allege that any items of property were confiscated

11  and not returned, nor that he was prevented from possessing certain items in his possession at the

12  time of the cell search.  Plaintiff also does not allege that he was permanently prevented from

13  going to the law library or was denied access to legal materials.  Defendant Zornes' actions are

14  not so clearly adverse to Plaintiff when viewed in light of the prison context as to constitute an

15  adverse action sufficient to support a claim for retaliation.  *See Pratt*, 65 F.3d at 807.  Therefore,

16  Plaintiff fails to state a cognizable claim for retaliation as to Defendant Zornes.

17  **C.   Plaintiff's claims of retaliation against Defendants Galloway, Hatton, and Mantel.**

18      Plaintiff claims that Defendant Galloway retaliated against him by finding Plaintiff guilty of

19  being "out of bounds" and assessing punishment at Loss of Privileges for 30 days on April 11,

20  2007. (Compl. ¶¶ 28, 33.)  Plaintiff claims that Defendants Hatton and Mantel retaliated against

21  him by reviewing and approving the disciplinary report on April 17, 2007.  As stated above, to

22  state a claim for First Amendment retaliation, a prisoner must show that a prison official took

23  adverse action against the prisoner because of the prisoner's protected conduct, and that such

24  action harmed the prisoner and was not narrowly tailored to advance a legitimate correctional

25  goal.  *See Resnick v. HayesI*, 213 F.3d 443, 449 (9th Cir. 2000).

26      Administrative rules violations may be heard by a disciplinary hearing official not below the

27  level of a correctional lieutenant or an experienced correctional counselor I, parole agent I or

28  correctional sergeant.  Cal. Code Regs. tit. 15, § 3314(b) (2007).  The hearing official may find

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                    R. J. Crane v. D. Ambriz, et al.
                                                        C 07-4620 JF

12

1   the inmate guilty and order suspension of privileges specified by the hearing official for no more

2   than a 30-day period starting the date the action was adjudicated.  *See* Cal. Code Regs. tit. 15, §

3   3314(e)(2).  Defendant Galloway, a correctional sergeant, found Plaintiff guilty of being "out of

4   bounds" and order the suspension of privileges as permitted in § 3376(e)(2).  (Compl. Ex. C.)

5   This action alone is not sufficient to support Plaintiff's claim for retaliation against Defendant

6   Galloway.

7        Moreover, Plaintiff merely claims that Defendants Hatton and Mantel only reviewed and

8   approved the disciplinary report.  Other than reviewing and approving the report, Plaintiff fails to

9   allege any further action that would be deemed an adverse action sufficient to support a claim for

10  retaliation.  Without more, Plaintiff fails to state a cognizable claim for retaliation as to these

11  Defendants.

12  **D.   Plaintiff's claims of retaliation against Defendant Neotti**

13       Plaintiff claims that Defendant Neotti retaliated against him by not interviewing any of the

14  witnesses named in Plaintiff's inmate appeal no. 07-02012, affirming the guilty finding of being

15  "out of bounds," and waited until August 9, 2007 to deliver the denial of the inmate appeal that

16  was dated June 20, 2007.  (Compl. ¶ 36.)  As stated above, to state a claim for First Amendment

17  retaliation, a prisoner must show that a prison officer took adverse action against this prisoner

18  because of the prisoner's protected conduct, and that such action harmed the prisoner and was

19  not narrowly tailored to advance a legitimate correctional goal.  *See Resnick,* 213 F.3d at 449.

20       A second level review of an inmate appeal shall be conducted by the institution head or

21  regional parole administrator, or their designee.  Cal. Code Regs. tit. 15, § 3384.5(e)(1).   The

22  only interview required as part of the investigation process for inmate appeals is an interview of

23  the inmate at the first formal level of review or at the second formal level of review if the appeal

24  bypassed the first formal level.  *See* Cal. Dep't Corrs. & Rehab. Dep't Opr. Man. (DOM) §§

25  54100.11.2, 54100.11.3 (2007).  Here, Plaintiff claims that Defendant Neotti retaliated against

26  him by not interviewing any of the witnesses named in Plaintiff's inmate appeal no. 07-02012

27  before denying the appeal.  However, interviews of witnesses for inmate appeals are not required.

28  *See* DOM §§ 54100.11.2, 54100.11.3.  Defendant Neotti's actions in denying the second level

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                                    R. J. Crane v. D. Ambriz, et al.
                                                                                    C 07-4620 JF

13

1   appeal without more, would not be deemed an adverse action sufficient to support a claim for

2   retaliation.  Therefore, Plaintiff fails to state a cognizable claim for retaliation as to this

3   Defendant.

4   **E.    Plaintiff's claims of retaliation against Defendant Ambriz**

5       Plaintiff claims that Defendant Ambriz retaliated against him when he provided Defendant

6   Zornes with the wrong key and as a result Plaintiff's cell was without power from 7:30 p.m. to

7   11:00 p.m.  (Compl. ¶¶ 16-21, 42-43.)  Plaintiff also claims that Defendant Ambriz retaliated

8   against him when Defendant Ambriz told Defendant Zornes that Plaintiff threatened to submit an

9   inmate appeal against Defendant Zornes in an attempt to create conflict between Defendant

10  Zornes and Plaintiff.  (*Id.*)  Plaintiff further claims that Defendant Ambriz wrote and signed a

11  false disciplinary report alleging Plaintiff was "out of bounds."  (Compl. ¶¶ 23, 26, 46.)

12      As stated above, to state a claim for First Amendment retaliation, a prisoner must show that

13  a prison officer took adverse action against this prisoner because of the prisoner's protected

14  conduct, and that such action harmed the prisoner and was not narrowly tailored to advance a

15  legitimate correctional goal.  *See Resnick,* 213 F.3d at  449.

16      Here, Plaintiff was not permanently deprived of power.  The power was restored to his cell

17  within four hours.  (Compl. ¶ 20.)  Plaintiff's First Amendment right was not chilled and he was

18  not harmed in any way by the loss of power of no more than four hours.  Moreover, although

19  Plaintiff alleges that Defendant Ambriz submited a false disciplinary report, the report was

20  reviewed and approved by three separate individuals not involved in the incident and Plaintiff

21  was ultimately found guilty of the charges.  (Compl. Ex. B.)  The actions by Defendant Ambriz

22  and the outcomes of those actions against Plaintiff were not clearly adverse to Plaintiff as to

23  constitute an adverse action sufficient to support a claim for retaliation.  Since Plaintiff's right

24  was not chilled and he was not harmed, Plaintiff fails to state a cognizable claim for retaliation as

25  to Defendant Ambriz.

26  ///

27  ///

28  ///

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                                                R. J. Crane v. D. Ambriz, et al.
C 07-4620 JF

14

**III.**

**DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Burns v. Reed*, 500 U.S. 478, 495 (1991) (citation omitted).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court set forth a particular sequence of questions to be considered in determining whether qualified immunity exists. The Court must consider this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 201. This qualified immunity analysis is distinct from the inquiry on the merits of the constitutional violation. *Id*; *see also Mitchell v. Forsyth*, 472 U.S. 511, 527-28 (1985) ("A claim of immunity is conceptually distinct from the merits of the Plaintiff's claim that his rights have been violated."). If no constitutional right was violated under the alleged facts, the inquiry ends and defendants prevail. *Saucier*, 533 U.S. at 204.

If, however, "a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established. . . . 'The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' . . . The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201-02 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

**A.   Defendants are Entitled to Qualified Immunity Because Plaintiff Fails to Show Defendants' Actions Violated a Constitutional Right.**

The first step under *Saucier* is to determine whether, taken in the light most favorable to the party asserting the inquiry, the facts alleged show the officer's conduct violated a constitutional

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                          R. J. Crane v. D. Ambriz, et al.
C 07-4620 JF

15

1   right. *Saucier,* 533 U.S. at 201. As to Defendants Galloway, Hatton, Mantel and Neotti, even if

2   Plaintiff's allegations are taken as true, Defendants still did not violate Plaintiff's First

3   Amendment right when Defendant Ambriz drafted a disciplinary report, Defendants Galloway,

4   Hatton, Mantel reviewed and approved the disciplinary report nor did Defendant Neotti violate

5   Plaintiff's rights when Defendant Neotti failed to interview witnesses identified in Plaintiff's

6   inmate appeal, because their actions were well within the parameters set forth in the California

7   Regulations and the Department of Corrections and Rehabilitation Operations Manual. *See*

8   DOM §§ 54100.11.2, 54100.11.3 (2007); Cal. Code Regs. tit. 15, § 3384.5(e)(1), § 3314(b).

9   Thus, Defendants did not violate a constitutional right and are entitled to qualified immunity.

10      Assuming arguendo that a violation occurred under the first step of *Saucier,* the inquiry is

11   whether it was clear to a reasonable prison official who reviews and approves a disciplinary

12   report, and denies an inmate appeal, that they violated Plaintiff's rights by engaging in this

13   conduct. Here, it would not have been clear to a reasonable prison official who was not directly

14   involved in drafting the disciplinary report, that their conduct, which was clearly authorized by

15   the regulations and department operations manual, violated Plaintiff's rights. *See* DOM §§

16   54100.11.2, 54100.11.3 (2007); Cal. Code Regs. tit. 15, § 3384.5(e)(1), § 3314(b). Since

17   Defendants were relying upon departmental policy and the regulations when they engaged in this

18   conduct, it cannot be said that Defendants knowingly violated the law.

19                                      **IV.**

20                               <u>**CONCLUSION**</u>

21      Plaintiff failed to exhaust his administrative remedies as required by the PLRA, Plaintiff

22   failed to state a claim for First Amendment retaliation for submitting prison grievances, and

23   Defendants are entitled to qualified immunity because Plaintiff has failed to state a constitutional

24   ///

25   ///

26   ///

27   ///

28   ///

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                    R. J. Crane v. D. Ambriz, et al.
                                                                   C 07-4620 JF

16

1  claim, and because a reasonable official in Defendants' positions would not have known their

2  conduct was clearly unlawful.  Therefore, Defendants respectfully request that this motion to

3  dismiss be granted.

4

5          Dated: May 28, 2008

6                          Respectfully submitted,

7                          EDMUND G. BROWN JR.
                           Attorney General of the State of California

8                          DAVID S. CHANEY
                           Chief Assistant Attorney General

9

10                         FRANCES T. GRUNDER
                           Senior Assistant Attorney General

11                         JONATHAN L. WOLFF
                           Supervising Deputy Attorney General

12

13

14

15                         DANIELLE F. O'BANNON
                           Deputy Attorney General
                           Attorneys for Defendants

16

17
   40249768.wpd
18 SF2008401001

19

20

21

22

23

24

25

26

27

28

Def.s' Not. Mot. & Motion Dismiss; Mem. P. & A.                R. J. Crane v. D. Ambriz, et al.
                                                                                C 07-4620 JF

                                          17

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    *Richard J. Crane v. D. Ambriz, et al.*

No.:    **U. S. D. C., N. D., SAN JOSE DIV., C 07-4620 JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **May 28, 2008**, I served the attached

1.    **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**
2.    **DECLARATION OF N. GRANNIS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**
3.    **DECLARATION OF T. VARIZ IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**
4.    **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Richard Joseph Crane, C-44519**
**Salinas Valley State Prison**
**P.O. Box 1050**
**Soledad, CA 93960-1050**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 28, 2008**, at San Francisco, California.

| J. Baker | | Signature |
|----------|--|-----------|
| Declarant | | |

40258725.wpd