# EXHIBIT B

CITIZEN'S COMPLAINT

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1. SVSP-A
2. _____

Log No.
1. 07-02012
2. _____

Category: #1

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Richard J. Crane | C-44519 | None | A3 #124 |

A. Describe Problem: On March 19, 2007, C.O. Ambriz wrote a CDC 115 in retaliation for Appellant saying he was going to 602 him on March 16, 2007. C.O. Ambriz was working in Fac. 'A' Bldg.#3, control tower, and inmate Michael Clark made a request to have the power turned on. C.O. Zornes obtained a (wrong key) from C.O. Ambriz, and when Appellant requested to speak with him, Ambriz said "I can't hear you." Appellant said he would write a 602. Ambriz told Zornes Appellant threatened to 602 him, which caused Zornes to yell at Appellant. On March 19, 2007, Ambriz wrote a false CDC 115 in retaliation for lawsuits

If you need more space, attach one additional sheet.   (Continued on additional page):

B. Action Requested: 1.) That an Internal Affairs investigation is conducted for C.O. D. Ambriz conspiring to retaliate against Appellant for suing Salinas Valley State Prison facility 'A' Staff, and C.O. Ambriz himself; since Ambriz is a member of the Defendant class and will be added as a named Defendant.

Inmate/Parolee Signature: Richard J. Crane          Date Submitted: 04/04/07

C. INFORMAL LEVEL (Date Received: _____)     DELIVERED AUG 0 7 2007    DELIVERED APR 1 1 2007

RECEIVED APR 06 2007

Staff Response: **BYPASS**

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim
CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 5-2-07    Due Date: 5-23-07
Interviewed by: _____

_____
_____
_____
_____
_____
_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                           Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☒ See Attached Letter

DELIVERED AUG 07 2007

Signature: /s/ _____ Date Completed: 6-20-07
Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____
_____
_____
_____
_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
                                                    P.O. Box 942883
                                                    Sacramento, CA 94283-0001
                                                    Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                                    Date: _____

CDC 602 (12/87)

CITIZEN'S COMPLAINT (page 2)

A. Describe Problem: (Cont.); Appellant has against SVSP facility 'A' and for conduct in violation of the Eighth Amendment for which C.O. D. Ambriz is directly individually responsible in part.

The actions of D. Ambriz violate the First Amendment, which protects prisoner for retaliation for using legal redress. Gomez v. Vernon, 255 F.3d 1118; Hines v. Gomez, 108 F.3d 265; Resnick v. Hayes, 213 F.3d 443 (9th Cir. 2000); Rhodes v. Robinson, 408 F. 3d 559 (9th Cir. 2005).

Dated: April 04, 2007.

Richard J. Crane #C-44519

STATE OF CALIFORNIA                                                                                              DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-44519 | CRANE | | 05/19/1997 | SVSP | A5-124L | A07-03-00? |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| C.C.R. §3015(a) | Out of Bounds | Fac. "A" Yard | 03/19/07 | 1420 hours |

**CIRCUMSTANCES**

On 03/19/07, at approximately 1420 hours, while I was performing my duties as Facility A-3 Control Booth Officer, was observing the yard, when I noticed Inmate CRANE (C-44519 of A5-124L) on the yard. The Yard rotation according to the Facility "A" Yard Schedule, designated afternoon program for Housing Units 1,3 and 5, Upper Tier Yard. Inmate CRANE is assigned to the Lower Tier. Upon talking to floor staff, I was notified that Inmate CRANE was released to appear for a ducat and failed to return to the Housing Unit. Inmate CRANE has previously been verbally counseled on this offense numerous times.

Inmate CRANE is not a participant in the Mental Health Services Delivery System. Inmate CRANE is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D. Ambriz, Correctional Officer | 3-26-07 | A-3 Cont. Booth Officer | T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING |
|---|---|---|
| | | DATE ____ LOC. ____ |

| CLASSIFIED ☒ ADMINISTRATIVE ☐ SERIOUS | OFFENSE DIVISION: Admin | DATE 3-27-07 | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO ☒ HO ☐ SHO ☐ SC ☐ FC |
|---|---|---|---|---|

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 A07-03-0073 | BY: (STAFF'S SIGNATURE) | DATE 3/28/07 | TIME 710 | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

**HEARING**

PLEA: Not Guilty.

FINDINGS: Inmate CRANE was found Guilty of CCR §3015(a), specifically "Out of Bounds" an Administrative offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: (SEE CDCR-115-C.)

DISPOSITION: Inmate CRANE placed on Loss of Privileges for 30 days starting: 04/11/07 through 05/10/07. Inmate CRANE'S Privilege group (LOP) receives: No Family Visits, No Special Purchases and No Dayroom for 30 days.

ADDITIONAL DISPOSITION: Inmate CRANE was counseled, warned and reprimanded.

CLASSIFICATION REFERRAL: None.

REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| S. Galloway, Correctional Sergeant | | | |
| REVIEWED BY: (SIGNATURE) | | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| | | | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | | DATE | TIME |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                                                   DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                                                   PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-44519 | CRANE | A07-03-0073 | SVSP | 04/11/07 |

[ ] SUPPLEMENTAL   [X] CONTINUATION OF:   [ ] 115 CIRCUMSTANCES   [X] HEARING   [ ] IE REPORT   [ ] OTHER _____

Hearing: 04/11/07     TIME: 1005 hours     Any Postponement Explained: None.

Inmate's Health: Inmate CRANE stated his health was good. MHSDS: Inmate CRANE is not a participant in the Mental Health Services Delivery System. The circumstances of the RVR do not indicate that Inmate CRANE exhibited any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate CRANE did not demonstrate any strange, bizarre, or irrational behavior. Based on this and pursuant to recent changes approved by the U.S. District Court on COLEMAN, a mental health assessment was not initiated.

Date of Discovery: 03/19/07           Initial RVR copy issued on: 03/28/07
Hearing started on: 04/11/07          Last document issued to inmate on: 03/28/07

Time Constraints: Inmate CRANE acknowledged receipt of all reports to be used in evidence and was ready to proceed with the hearing. Copies of all reports were issued more than 24 hours prior to the hearing. The disciplinary was served on Inmate CRANE within 15 days of discovery and the hearing has been held within 30 days. All time constraints have been met.

Staff Assistant (SA): Inmate CRANE'S TABE score is above 4.0. Therefore, a Staff Assistant was not assigned per CCR §3315(d)(2). Inmate CRANE explained his understanding of the charges/process/options/instructions to the Hearing Officer's (HO) satisfaction. Inmate CRANE read the RVR aloud and was able to demonstrate his understanding of the RVR and the disciplinary process through discussion with the HO.

Investigative Employee (IE): An Investigative Employee was not assigned per CCR §3314(c).

Inmate Plea Statement: Inmate CRANE entered a plea of Not Guilty and stated, "Nobody told me I had to come back."

Witnesses Requested or Provided: None    Witness Testimony at Hearing: None    Confidential Information: None

FINDINGS (CON'T): Inmate CRANE is found Guilty of "Out of Bounds." This finding of Guilty is based upon the following preponderance of evidence:

A: The information contained in the RVR Log# A07-03-0073 authored by Correctional Officer D. Anbriz, wherein he states in part, "I was observing the yard, when I noticed Inmate CRANE (C-44519 of A5-124L) on the yard. The Yard rotation according to the Facility "A" Yard Schedule, designated afternoon program for Housing Units 1,3 and 5, Upper Tier Yard. Inmate CRANE is assigned to the Lower Tier. Upon talking to floor staff, I was notified that Inmate CRANE was released to appear for a ducat and failed to return to the Housing Unit. Inmate CRANE has previously been verbally counseled on this offense numerous times."

B: Inmate CRANE pled Not Guilty during the hearing. However, due to the circumstance in the RVR, as mentioned above, there is sufficient evidence to justify the finding of guilty. Therefore, HO finds Inmate CRANE guilty of Out of Bounds.

Appeal Rights: Inmate CRANE was advised of his rights to appeal and also the policy and procedure of appeal. Inmate CRANE was advised that he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer. Inmate CRANE has 15 days from the receipt of his final copy to file an appeal.

D. Galloway, Correctional Sergeant

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | D. Galloway | 4-12-07 |
| [Y] COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature)  D. Moore | DATE SIGNED 4/22/07   TIME SIGNED 1100 |

CDC 115-C (5/95)                                                                                       OSP 99 25082

```
                                    FILED
                                    2007 FEB 21  AM 1:39
                                    RICHARD W. WIEKING
                                         CLERK
                                    U.S. DISTRICT COURT
                                    NO. DIST. OF CA.
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. PADILLA | No. C06-01725 MJJ |
| Plaintiff, | **ORDER FOR ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULE 3-12** |
| v. | |
| M.S. EVANS | |
| Defendant | |

Before the Court is Richard Joseph Crane's ("Crane") Administrative Motion to Consider Whether Cases Should be Related Pursuant to Local Rule 3-12.[1] Crane submits that the above-mentioned action is related to *Crane v. M.S. Evans, et al*, No. C-07-0763 JF and *Orlando Perez v. M.S. Evans*, No. C-06-5220 RMW. Defendant shall file its response to Crane's motion, if any, not later than fifteen days from the entry of this order.

**IT IS SO ORDERED.**

Dated: February 2, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

---

[1] Docket No. 3, Case No. 07-0763

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LARRY D. PADILLA,

        Plaintiff,

v.

M.S. EVANS et al,

        Defendant.

Case Number: CV06-01725 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 21, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Dean Padilla
Prisoner Id P-05966
P.O. Box 1050
Soledad, CA 93960-1050

Scott John Feudale
California Attorney General's Office
Correctional Law Section
455 Golden Gate Ave.
Suite 11000
San Francisco, CA 94102

Dated: February 21, 2007

                                    Richard W. Wieking, Clerk
                                    By: R.B. Espinosa, Deputy Clerk

INMATE / PAROLEE APPEAL SCREENING FORM                                    CDCR-695

NMATE: __Crane__   CDC #: __C44519__   CDC HOUSING: __A3-124__

<u>THIS IS NOT AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR REASONS NOTED BELOW OR RETURNED TO MORE INFORMATION OR FOR YOU TO ATTACH SUPPORTING DOCUMENTS.</u>

PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS

[ ] Requested Action Already Taken
[ ] Duplicate Appeal; Same Issue
[ ] Appealing Action Not Yet Taken
[ ] Incomplete Appeal – Documents Not Attached
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] Appeal Process Abuse – Inappropriate Statements
[ ] No Significant Adverse Effect Demonstrated
[ ] Action / Decision Not Taken By CDCR
[ ] Action Sought Is Under Sentencing Court Jurisdiction
[ ] Submit Issue to Assigned Parole Office
[ ] Appeal Matter to VCGCB
[ ] DRB Decisions Are Not Appealable
[ ] Request for Interview; Not an Appeal
[ ] More than one issue – one issue per appeal

[ ] Requested Appeal Withdrawn
[ ] Appeal Previously Received and Processed
[ ] Incomplete 602 – Complete Next Appropriate Section
[ ] Incomplete 602 – Sign and Date Appropriate Section
[ ] Limit of One Continuation Page May Be Attached
[X] Incomplete Disciplinary Appeal – Missing Documents*
[ ] Incomplete Property Appeal – Missing Documents*
[ ] Failed to Provide Necessary Copies of Chrono(s)*
[ ] Appeal Process Abuse – Pointless Verbiage
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Appeal Issue & Reasonable Accommodation Not 1824
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Emergency Not Warranted-CCR 3084.7

[ ] Not a Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362, Health Care Services Form, and send it to the Medical Department for an appointment. *If necessary, sign up for sick call.*

<u>PLEASE ATTACH AS NOTED BELOW:</u>

[X] CDC 115/Hearing Officer's Results
[X] CDC 115 with IE/DA information
[X] Supplemental Reports to CDC 115
[ ] CDC 1030 Confidential Disclosure
[ ] CDC 114D Lockup Order
[ ] CDC 128G ICC/UCC
[ ] CDC 128G CSR Endorsement Chrono
[ ] CDC 839/840 Class/Reclass Score Sheet
[ ] CDC 7219 Medical Report
[ ] Other: SEE COMMENTS BELOW

[ ] CDC 128C Medical Chrono
[ ] CDC 1819 Denied Publications
[ ] CDC 128 A
[ ] CDC 128 B
[ ] CDC 143 Property Transfer Receipt
[ ] Cell Search Slip
[ ] Receipts
[ ] Qtr. Pkg. Inventory Slip
[ ] Trust Account Statement
[ ] Property Inventory Receipt

Comments: You may write on back of this form to clarify or respond to the above.
__Also, attach proof of law suit —__

(SEE – REVERSE SIDE APPELLANT'S RESPONSE):

Variz, Correctional Counselor-II
ppeals Coordinator
alinas Valley State Prison                          Date: __4-6-07__

iis screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please return is form to the Appeals Coordinator with the necessary information attached.

**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**

State of California                                                                 Department of Corrections
                                                                                    Salinas Valley State Prison

# Memorandum

Date : 6-1-07

To : CRANE, C44519
     A3-124

Log Number: SVSP-A-07-02012

Subject: EXCEPTIONAL DELAY IN REVIEW OF APPEAL

This is to notify you that the due date on the above referenced appeal has been extended for the following reason:

[✓] Unavailability of the appellant, or staff or inmate witness.

[ ] Complexity of the decision, action, or policy.

[ ] Necessary involvement of other agencies or jurisdictions.

This notification is required per California Code of Regulations, Section 3084.6(b)(6). The new estimated completion date is ____6-25-07____.

Appeals Coordinator
Salinas Valley State Prison

# Memorandum

C-FILE

Date: June 20, 2007

To: Inmate CRANE, C44519
Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-A-07-02012

### ISSUE:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log # A-07-03-0073 dated 03/19/07 for "Out of Bounds." The appellant believes he was issued the RVR in retaliation, because he informed the Reporting Employee that he was going to submit a CDCR form 602, Inmate/Parolee Appeal Form against him. Appellant also claimed the Reporting Employee wrote the RVR in retaliation for "lawsuits."

Appellant requests an Internal Affairs investigation for staff conspiracy.

### REGULATIONS: The rules governing this issue are:

CCR 3015 Unauthorized Areas and Facility Boundaries
CCR 3315 Serious Rule Violations
CCR 3320 Hearing Procedures and Time Limitations

### SUMMARY OF INVESTIGATION:

The First Level of Review was bypassed per CCR 3084.5(b). T. Variz, Appeals Coordinator was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

This appeal was reviewed by the SVSP Hiring Authority pursuant to Administrative Bulletin (AB) 05/03. The SVSP Hiring Authority determined this appeal issue does not rise to the level of a staff complaint. The SVSP Hiring Authority assigned this appeal as a disciplinary appeal. This appeal response is late based upon the appeal backlog due to the high volume of appeals, research requirements, and staff shortages. Continuance of this appeal shall not be impeded by this late response.

A review of the RVR indicates that appellant was charged with CCR 3015, for the specific act of "Out of Bounds."

The charge was classified as an Administrative offense. The discovery date of the RVR was 03/19/07.

Appellant received his copy of the RVR on 03/28/07, which was within fifteen (15) days of the discovery.

The RVR was not referred to the Monterey County District Attorney (DA) prosecution.

Inmate CRANE, C44193
Case No. SVSP-A-07-02012
Page 2

The RVR reflects that he attended the disciplinary hearing held on 04/11/07, and pled "Not Guilty" to the charge.

The hearing was held within thirty (30) days from the date that appellant was provided a copy of the RVR. The SHO determined a guilty finding, and assessed thirty (30) days loss of privileges.

Other time constraints related to the RVR were met; all copies of evidence were issued 24 hours prior to the hearing, and appellant was afforded all due process rights with regards to witnesses.

Appellant was a not participant in the Mental Health Services Delivery System.

A Staff Assistant was not assigned per CCR 3315 (d)(2). An Investigative Employee (IE) was not assigned.

The appellant's filing and attachments have been reviewed. A review of the RVR reveals no due process issues. The appellant has not provided a sound basis with which to change the disposition of the RVR. The appellant has not provided documentary evidence to support his beliefs. The appellant's assertions are unsubstantiated by any evidence. There is no good reason to suspect that the staff reports were contrived.

The reviewer found that all time constraints and due process rights were maintained during the disciplinary process. The reviewer found that the Hearing Officer (HO) appropriately determined that the charge was substantiated by a preponderance of evidence and that the HO adequately assessed the issues of the disciplinary action.

The appellant is advised that the appeals process is not a rehearing of the disciplinary. The appeals process is a review to determine if all time constraints were met and if due process was maintained during the course of the disciplinary proceedings. The appellant has not presented any "new" evidence that was not available to him prior to his disciplinary hearing. A review of the RVR disposition shows that the appellant was afforded the opportunity to present an adequate defense. The appellant was provided appropriate due process and administrative protections in the adjudication of the RVR, and the finding and disposition are consistent with regulations.

DECISION: The appeal is Denied.

The appellant is advised that this issue may not be submitted for a Director's Level of Review. This 2nd level response provides the Department's final review for Administrative level RVR's.

G. A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison