Richard J. Crane, #C-44519
Salinas Valley State Prison
Fac. 'D Bldg. #9, Cell #196
P.O. Box 1050
Soledad, CA 93960-1050

**FILED**

2008 JUN 19 P 3 27

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **RICHARD J. CRANE,** | No. C 07-4620 JF (PR) |
| Plaintiff, | OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO DISMISS DEFENDANT'S MOTION AS MOOT |
| vs. | |
| **D. AMBRIZ, et al.,** | |
| Defendant. | |

The plaintiff respectfully moves the Court to dismiss the Defendant's Motion to Dismiss, as being moot, because it does not related to the operative First Amended Complaint.

Dated: May 28, 2008, Defendants' served a motion to dismiss plaintiff's complaint, and this motion relates to the original complaint, On June 16, 2008, plaintiff served and filed a First Amended Complaint; therefore, the motion to dismiss does not relate to the operative pleading and it should be dismissed as being moot.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff may amend his complaint once as a matter of course before any responsive pleading is served, but otherwise must obtain leave of court or written consent of the adverse party. A motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a). <u>See</u>, <u>Doe v. United States</u>, 58 F.3d 494, 496-97 (9th Cir. 1995). Thus, neither leave of court nor the consent of defendants is needed to file a first amended complaint at this stage of the proceedings.

Wherefore, the plaintiff respectfully moves the court to dismiss the defendants motion to dismiss, since it pertains to a non-operative superseded pleading. Although, plaintiff shall briefly refute the allegation that he has not exhausted the administrative remedies.

## Exhaustion

On June 20, 2007, G.A. Neotti, Chief Deputy Warden, denied petitioner final level of administrative appeal, and did not interview the petitioner's witnesses. The Final Level appeal was not delivered to the petitioner until August 09, 2007. ( page 9, Exhibit 'A' attached.) Title 15 § 3084.7 (b)(1)

The plaintiff prays that the Court shall find that the plaintiff has adequately complied with the exhaustion of administrative remedies.

Date: June , 2008.

Respectfully submitted,

Richard J. Crane, in pro se

ARGUMENT AND POINTS AND AUTHORITIES

I

**THE COMPLAINT SHOULD NOT BE DISMISSED AS IT DOES STATE VALID CLAIMS AGAINST THE DEFENDANT'S FOR SERIOUS VIOLATIONS OF THE PLAINTIFF'S CIVIL RIGHTS WHILE DEFENDANT'S ACTED UNDER COLOR OF AUTHORITY AS STATE PRISON OFFICIALS**

The defendant cannot raise a valid defense of failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b) (6), since he cannot rely on "bare bone pleadings" to obtain an outright dismissal of this 42 U.S.C. section 1983 lawsuit.

> "II. Standard of Review
>
> "Dismissal under 12(b)(6) of the Federal Rules of Civil Procedure is reviewed de novo. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir. 1998). All factual allegations of the complaint are accepted as true and all reasonable inferences must be drawn in favor of the non-moving party. See id.; Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Moreover, "the Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365, 70 L.Ed.2d 551, 102 S.Ct. 700 (1982)), and we have emphasized that the rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing Eldridge, 832 F.2d at 1137)." <u>Johnson v. Gomez</u>, 207 F.3d 650, 653, (9th Cir. 2000).

Further, the defendants' motion to dismiss is wholly without merit, and misstates the facts completely as this opposition will elucidate. First, the defendants' motion misconstrues the authority for a Rule 12(b)(6) motion, and at the pleading stage seeks a outright dismissal of a clearly stated complaint for the defendant violating plaintiff's First Amendment rights, and protected liberty interests.

1   The Ninth Circuit recently affirmed the standard that,

2   "Because this appeal arises from the district court's decision

3   to grant the officers' Federal Rule of Civil Procedure 12(b) (6)

4   motion to dismiss, we treat each of Rhodes's factual allegations

5   as true and construe them in a light most advantageous to him by

6   drawing all reasonable inferences in his favor. See, e.g.,

7   Gompper v. VISX, Inc., 298 F.3d 893, 896 (9th Cir. 2002); Two-

8   Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999). We draw our

9   recital of the facts from Rhodes's First Amended Complaint,

10  liberally quoting his words and retaining his emphases." Rhodes

11  v. Robinson, (C.A. 9th Cal. 2004) 408 F.3d 559, 563 fn. 1.

12      The Second Circuit in a prisoner's civil rights suit for

13  Eighth Amendment and Due Process violations claimed, vacated a

14  "Dismissal of a complaint pursuant to Rule 12(b)(6) for failure

15  to state a claim on which relief can be granted is not warranted

16  "unless it appears beyond doubt that the plaintiff can prove no

17  set of facts in support of his claim which would entitle him to

18  relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.

19  Ed.2d 80 (1957); see, e.g., Simmons v. Abruzzo, 49 F.3d at 87.

20  At the Rule 12 (b)(6) stage, "[t]he issue is not whether a

21  plaintiff is likely to prevail ultimately, but whether the

22  claimant is entitled to offer evidence to support the claims.

23  Indeed it may appear on the face of the pleading that a recovery

24  is very remote and unlikely but that is not the test." Chance v.

25  Armstrong, 143 F.3d 698, 701 (2d Cir. 1998) ... Our task in

26  reviewing a 12(b)(6) ruling "is merely to assess the legal

27  feasibility of the complaint, not to assay the weight of the

28  evidence which might be offered in support thereof."  Ryder

1 Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748
2 F.2d 774, 779 (2d Cir. 1984)." Sims v. Artuz, 230 F.3d 14, 20,
3 (2d Cir. 2000).

4      The courts have stated that a dismissal on the "basis of
5 bare bone pleadings is a tortuous thing." Shull v. Pilot Life
6 Ins. Co., 313 F.2d 445 (2nd Cir. 1963); and the Courts recognize
7 "The complaint should not have been dismissed pursuant to Rule
8 12(b)(6). Haines v. Kerner, 404 U.S. at 520-21,...." Washington
9 v. James, 782 F.2d 1134, 1139-40 (2d Cir. 1986).  Since, "In
10 applying this standard, the court must assume that all allegations
11 in the complaint are true. Estelle v. Gamble, 429 U.S. 97, 99 ...
12 Moreover, in recognition of plaintiff's status as a pro se
13 litigant, the complaint must be construed liberally to ensure
14 that plaintiff's claims are given fair and meaningful considera-
15 tion. See Hughes v. Rowe, 449 U.S. 5, 9, ...." Gibson v. Babcox,
16 601 F.Supp. 1156, 1159 (1984).   "When plaintiff has attached
17 various exhibits to the complaint, those exhibits may be
18 considered in determining whether dismissal is proper without
19 converting the motion to one for summary judgment. Cooper v.
20 Bell, 628 F.2d 1208, 1210 n.2 (9th Cir. 1980)." Park v. Symington
21 51 F.3d 1480, 1484 (9th Cir. 1995); Stone v. Travelers Corp., 58
22 F.3d 434 (9th Cir. 1995).

23      The Northern District Court of California explained the
24 standard in Gomez v. Winslow, 177 F.Supp.2d 977, 980-981:

25          "**LEGAL STANDARD**  Under Federal Rule of Civil
           Procedure 12(c), "after the pleadings are closed
26          within such time as not to delay the trial, any
           party may move for judgment on the pleadings."
27          Under Rule 12(b)(6), a party may move to dismiss a
           complaint, and the district court must dismiss it
28          if it fails to state a claim upon which relief can

be granted. A motion for judgment on the pleadings and a motion to dismiss are substantially identical. See William W. Schwarzer, A. Wallace Tashima & James M. Wagstaff, Federal Civil Procedure Before Trial § 9:319 (1997). Under either provision, the question presented is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim."

Furthermore, the courts have ruled "the district court here erred in dismissing plaintiff's complaint against the state defendants because: (1) the court considered materials outside the pleadings in ruling on the motion to dismiss; and (2) the complaint states a claim under 42 U.S.C § 1983." Friedl v. City of New York, 210 F.3d 79, 83:

"A. Materials Outside the Pleadings

"When matters outside the pleadings are presented in response to a 12(b)(6) motion, "a district court must either "exclude the additional material and decide the motion on the complaint alone" or "convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material."

"Thus, a district court errs when it "considers affidavits and exhibits submitted by" defendants, Kopec v. Coughlin, 922 F.2d 152, 155 (2d Cir. 1991), or relies on factual allegations contained in legal briefs or memorandum, see Fonte, 848 F.2d at 25, in ruling on a 12 (b)(6) motion to dismiss. Vacatur is required even when the court's ruling simply "makes a connection not established by the complaint alone" or contains an "unexplained reference" that "raises the possibility that it improperly relied on matters outside the pleading in granting the defendant's Rule 12(b) motion." Id.'" Friedl v. City of N.Y. 210 F.3d at pp. 83-84. The following arguments explain more fully how defendants' violated plaintiff's civil rights.

## II

### DEFENDANTS' HAVE NO RIGHT TO QUALIFIED IMMUNITY

The defendants' do not have a right under any theory to qualified immunity (or absolute immunity), since these defendants acted with knowledge, and therefore were not merely performing discretionary functions. Skurstenis v. Jones, 236 F. 3d 678 (Sheriff had legal custody of jail and all prisoners committed); see also, Fairley v. Luman, 281 F.3d 913, cert. denied City of Long Beach Calif., v. Fairley, 123 S.Ct. 659.

Further, the defendants knowingly violated the plaintiff's constitutional rights, and qualified immunity is not available "instead they set out to violate rights which they knew the Constitution guaranteed." Cooper v. Dupnik (9th Cir. 1992) 963 F.2d 1220, 1251.

> "The doctrine of qualified immunity shields from liability for civil damages those officials whose "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 873 L.Ed.2d 396 (1982). We evaluate a defendant's claim of qualified immunity by determining whether (1) a constitutional violation occurred, (2) the right violated was clearly established, and (3) "the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." Williams v. Mehra, 186 F.3d 685, 691 (6th Cir. 1999) (en banc)." Scicluna v. Wells, 245 F.3d 441, (6th Cir. 2003) 445.

The Court in Scicluna affirmed the denial of qualified immunity to prison officials, ibid. and "In addition, qualified immunity is an affirmative defense, Harlow, 457 U.S. at 815, 102 S.Ct. at 2736, and the burden of proving the defense lies with the official asserting it." Houghton v South 965 F.2d 1532, p. 1536.

## CONCLUSION

Wherefore, the plaintiff respectfully prays that this Honorable Court shall deny the defendants motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, since the motion is without merit.

Dated: June 16, 2008.

Respectfully submitted,

Richard J. Crane, in pro se

# EXHIBIT A

## INMATE / PAROLEE APPEAL SCREENING FORM

INMATE: *Crane*    CDC # *C44519*    CDC HOUSING: *A3-124*    CDCR-695

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR REASONS NOTED BELOW OR
RETURNED TO MORE INFORMATION OR FOR YOU TO ATTACH SUPPORTING DOCUMENTS.

## PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS

[ ] Requested Action Already Taken

[ ] Duplicate Appeal; Same Issue

[ ] Appealing Action Not Yet Taken

[ ] Incomplete Appeal – Documents Not Attached

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] Appeal Process Abuse – Inappropriate Statements

[ ] No Significant Adverse Effect Demonstrated

[ ] Action / Decision Not Taken By CDCR

[ ] Action Sought Is Under Sentencing Court Jurisdiction

[ ] Submit Issue to Assigned Parole Office

[ ] Appeal Matter to VCGCB

[ ] DRB Decisions Are Not Appealable

[ ] Request for Interview; Not an Appeal

[ ] More than one issue –one issue per appeal

[ ] Requested Appeal Withdrawn

[ ] Appeal Previously Received and Processed

[ ] Incomplete 602 – Complete Next Appropriate Section

[ ] Incomplete 602 – Sign and Date Appropriate Section

[ ] Limit of One Continuation Page May Be Attached

[X] Incomplete Disciplinary Appeal – Missing Documents*

[ ] Incomplete Property Appeal – Missing Documents*

[ ] Failed to Provide Necessary Copies of Chrono(s)*

[ ] Appeal Process Abuse – Pointless Verbiage

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Appeal Issue & Reasonable Accommodation Not 1824

[ ] Do Not Combine Staff Complaints with Other Issues

[ ] Emergency Not Warranted-CCR 3084.7

[ ] Not a Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362, Health
Care Services Form, and send it to the Medical Department for an appointment. *If necessary, sign up for sick call.*

### PLEASE ATTACH AS NOTED BELOW:

[ ] CDC 115/Hearing Officer's Results

[ ] CDC 115 with IE/DA information
Supplemental Reports to CDC 115

[ ] CDC 1030 Confidential Disclosure

[ ] CDC 114D Lockup Order

[ ] CDC 128G ICC/UCC

[ ] CDC 128G CSR Endorsement Chrono

[ ] CDC 839/840 Class/Reclass Score Sheet

[ ] CDC 7219 Medical Report

[ ] **Other: SEE COMMENTS BELOW**

[ ] CDC 128C Medical Chrono

[ ] CDC 1819 Denied Publications

[ ] CDC 128 A

[ ] CDC 128 B

[ ] CDC 143 Property Transfer Receipt

[ ] Cell Search Slip

[ ] Receipts

[ ] Qtr. Pkg. Inventory Slip

[ ] Trust Account Statement

[ ] Property Inventory Receipt

Comments: You may write on back of this form to clarify or respond to the above.

_Also, attach proof of law suits —_

(SEE – REVERSE SIDE APPELLANT'S RESPONSE):

T. Variz, Correctional Counselor-II
Appeals Coordinator
Salinas Valley State Prison

Date: _4-6-07_

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on
a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please return
this form to the Appeals Coordinator with the necessary information attached.

## PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

1

(RESPONSE):  Appellant received Final Copy of CDC 115 on April 21, 2007, attached.

Also, attached is copy of Court order requiring the Attorney General to respond to appellant's motion of Whether Cases Should be Related Pursuant to Local Rule 3-12.  Appellant's case is RICHARD JOSEPH CRANE vs. M.S. EVANS, No. C-07-0763-JF (PR).

Dated: April 26, 2007.

Richard J. Crane, #C-44519

CITIZEN'S COMPLAINT

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region          Log No.              Category
1. _2VSP-A_                          1. _07-02012_          _#3 1_
2. _____                  2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Richard J. Crane | C-44519 | None | A3 #124 |

A. Describe Problem: __On March 19, 2007, C.O. Ambriz wrote a CDC 115 in retaliation for Appellant saying he was going to 602 him on March 16, 2007.  C.O. Ambriz was working in Fac. 'A' Bldg.#3, control tower, and inmate Michael Clark made a request to have the power turned on.  C.O. Zornes obtained a (wrong key) from C.O. Ambriz, and when Appellant requested to speak with him, Ambriz said "I can't hear you."  Appellant said he would write a 602.  Ambriz told Zornes Appellant threatened to 602 him, which caused Zornes to yell at Appellant. On March 19, 2007, Ambriz wrote a false CDC 115 in retaliation for lawsuits__

If you need more space, attach one additional sheet.          (Continued on additional page):

B. Action Requested: __1.) That an Internal Affairs investigation is conducted for C.O. D. Ambriz conspiring to retaliate against Appellant for suing Salinas Valley State Prison facility 'A' Staff, and C.O. Ambriz himself; since Ambriz is a member of the Defendant class and will be added as a named Defendant.__

Inmate/Parolee Signature: _Richard J. Crane_          Date Submitted: _04/04/07_

C. INFORMAL LEVEL (Date Received: _____)        DELIVERED AUG 07 2007    DELIVERED APR 11 2007

Staff Response: _____

**BYPASS**

Staff Signature: _____          Date Returned to Inmate: _____

RECEIVED APR 09 2007

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

3

First Level ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: *5-2-07*    Due Date: *5-23-07*

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                                                    Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level ☐ Granted ☐ P. Granted ☒ Denied ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☒ See Attached Letter

Signature: _____    DELIVERED AUG 07 2007    Date Completed: *6-20-07*

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.
                                                        DELIVERED AUG 09 2007

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
                                    P.O. Box 942883
                                    Sacramento, CA 94283-0001
                                    Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☐ Denied ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)                                              Date: _____

4

CITIZEN'S COMPLAINT (page 2)

A. Describe Problem: (Cont.); Appellant has against SVSP facility 'A'
and for conduct in violation of the Eighth Amendment for which C.O. D.
Ambriz is directly individually responsible in part.

The actions of D. Ambriz violate the First Amendment, which
protects prisoner for retaliation for using legal redress. Gomez v.
Vernon, 255 F.3d 1118; Hines v. Gomez, 108 F.3d 265; Resnick v. Hayes,
213 F.3d 443 (9th Cir. 2000); Rhodes v. Robinson, 408 F. 3d 559 (9th Cir.
2005).

Dated: April 04, 2007.

Richard J. Crane #C-44519

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

2007 FEB 21  AH 1: 39

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY D. PADILLA                         No. C06-01725 MJJ

         Plaintiff,                    **ORDER FOR ADMINISTRATIVE**
                                     **MOTION TO CONSIDER WHETHER**
  v.                                       **CASES SHOULD BE RELATED**
                                     **PURSUANT TO LOCAL RULE 3-12**
M.S. EVANS

         Defendant
_____/

     Before the Court is Richard Joseph Crane's ("Crane") Administrative Motion to Consider Whether Cases Should be Related Pursuant to Local Rule 3-12.[1] Crane submits that the above-mentioned action is related to *Crane v. M.S. Evans*, et al, No. C-07-0763 JF and *Orlando Perez v. M.S. Evans*, No. C-06-5220 RMW. Defendant shall file its response to Crane's motion, if any, not later than fifteen days from the entry of this order.

**IT IS SO ORDERED.**

Dated: February 2, 2007

                                    MARTIN J. JENKINS
                                    UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

_____
[1]Docket No. 3, Case No. 07-0763                    6

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

LARRY D. PADILLA,                           Case Number: CV06-01725 MJJ

        Plaintiff,                   **CERTIFICATE OF SERVICE**

  v.

M.S. EVANS et al,

        Defendant.

_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 21, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Larry Dean Padilla
Prisoner Id P-05966
P.O. Box 1050
Soledad, CA 93960-1050

Scott John Feudale
California Attorney General's Office
Correctional Law Section
455 Golden Gate Ave.
Suite 11000
San Francisco, CA 94102

Dated: February 21, 2007

                            Richard W. Wieking, Clerk
                            By: R.B. Espinosa, Deputy Clerk

a   State of California                                    Department of Corrections and Rehabilitation

# Memorandum

*A-3-124^c*

Date:   June 20, 2007

To:   Inmate CRANE, C44519
      Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-A-07-02012

### ISSUE:

The appellant is submitting this appeal relative to CDC Form 115, Rules Violation Report (RVR), Log # A-07-03-0073 dated 03/19/07 for "Out of Bounds." The appellant believes he was issued the RVR in retaliation, because he informed the Reporting Employee that he was going to submit a CDCR form 602, Inmate/Parolee Appeal Form against him. Appellant also claimed the Reporting Employee wrote the RVR in retaliation for "lawsuits."

Appellant requests an Internal Affairs investigation for staff conspiracy.

**REGULATIONS**: The rules governing this issue are:

CCR 3015 Unauthorized Areas and Facility Boundaries
CCR 3315 Serious Rule Violations
CCR 3320 Hearing Procedures and Time Limitations

### SUMMARY OF INVESTIGATION:

The First Level of Review was bypassed per CCR 3084.5(b). T. Variz, Appeals Coordinator was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented by the appellant and evaluated in accordance with Salinas Valley State Prison Operational Procedures (OP); the CCR; and the Departmental Operations Manual (DOM).

This appeal was reviewed by the SVSP Hiring Authority pursuant to Administrative Bulletin (AB) 05/03. The SVSP Hiring Authority determined this appeal issue does not rise to the level of a staff complaint. The SVSP Hiring Authority assigned this appeal as a disciplinary appeal. This appeal response is late based upon the appeal backlog due to the high volume of appeals, research requirements, and staff shortages. Continuance of this appeal shall not be impeded by this late response.

A review of the RVR indicates that appellant was charged with CCR 3015, for the specific act of "Out of Bounds."

The charge was classified as an Administrative offense. The discovery date of the RVR was 03/19/07.

Appellant received his copy of the RVR on 03/28/07, which was within fifteen (15) days of the discovery.

The RVR was not referred to the Monterey County District Attorney (DA) prosecution.

DELIVERED AUG 0 9 2007

**Inmate CRANE, C44519**
**Case No. SVSP-A-07-02012**
**Page 2**

The RVR reflects that he attended the disciplinary hearing held on 04/11/07, and pled "Not Guilty" to the charge.

The hearing was held within thirty (30) days from the date that appellant was provided a copy of the RVR.  The SHO determined a guilty finding, and assessed thirty (30) days loss of privileges.

Other time constraints related to the RVR were met; all copies of evidence were issued 24 hours prior to the hearing, and appellant was afforded all due process rights with regards to witnesses.

Appellant was a not participant in the Mental Health Services Delivery System.

A Staff Assistant was not assigned per CCR 3315 (d)(2).  An Investigative Employee (IE) was not assigned.

The appellant's filing and attachments have been reviewed. A review of the RVR reveals no due process issues.  The appellant has not provided a sound basis with which to change the disposition of the RVR.  The appellant has not provided documentary evidence to support his beliefs.  The appellant's assertions are unsubstantiated by any evidence. There is no good reason to suspect that the staff reports were contrived.

The reviewer found that all time constraints and due process rights were maintained during the disciplinary process. The reviewer found that the Hearing Officer (HO) appropriately determined that the charge was substantiated by a preponderance of evidence and that the HO adequately assessed the issues of the disciplinary action.

The appellant is advised that the appeals process is not a rehearing of the disciplinary. The appeals process is a review to determine if all time constraints were met and if due process was maintained during the course of the disciplinary proceedings. The appellant has not presented any "new" evidence that was not available to him prior to his disciplinary hearing. A review of the RVR disposition shows that the appellant was afforded the opportunity to present an adequate defense. The appellant was provided appropriate due process and administrative protections in the adjudication of the RVR, and the finding and disposition are consistent with regulations.

**DECISION**:  The appeal is Denied.


The appellant is advised that this issue may not be submitted for a Director's Level of Review. This 2nd level response provides the Department's final review for Administrative level RVR's.

G. A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

804 to Records:   Date: _____

STATE OF CALIFORNIA
## RULES VIOLATION REPORT
DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-44519 | CRANE | | 05/10/1997 | SVSP | A3-124L | A07-03-00 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| C.C.R. S3015(a) | Out of Bounds | Fac. "A" Yard | 03/19/07 | 1420 hours |

CIRCUMSTANCES

On 03/19/07, at approximately 1420 hours, while I was performing my duties as Facility A-3 Control Booth Officer, was observing the yard, when I noticed Inmate CRANE (C-44519 of A3-124L) on the yard. The Yard rotation according the Facility "A" Yard Schedule, designated afternoon program for Housing Units 1,3 and 5, Upper Tier Yard. Inmate CRANE is assigned to the Lower Tier. Upon talking to floor staff, I was notified that Inmate CRANE was released to appear for a duckat and failed to return to the Housing Unit. Inmate CRANE has previously been verbally counseled on this offense numerous times.

Inmate CRANE **is not** a participant in the Mental Health Services Delivery System. Inmate CRANE is aware of this report.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| D. Aguriz, Correctional Officer | 3-26-07 | A-3 Cont. Booth Officer | T/V |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| | 7/16/07 | DATE | | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | ADMIN | 3-27-07 | | ☒ HO ☐ SHO ☐ SC ☐ FC |

### COPIES GIVEN INMATE BEFORE HEARING

| ☐ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| A07-03-0073 | | 3/28/07 | 780 | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING

**PLEA:** Not Guilty.

**FINDINGS:** Inmate CRANE was found **Guilty** of CCR S3015(a), specifically "Out of Bounds" an Administrative offense. This finding is based on the preponderance of evidence presented at the hearing which <u>does</u> substantiate the charge. The evidence presented at the hearing included: (SEE CDCR-115-C.)

**DISPOSITION:** Inmate CRANE placed on loss of Privileges for 30 days starting: 04/11/07 through 05/10/07. Inmate CRANE'S Privilege group (LOP) receives: No Family Visits, No Special Purchases and No Dayroom for 30 days.

**ADDITIONAL DISPOSITION:** Inmate CRANE was counseled, warned and reprimanded.

**CLASSIFICATION REFERRAL:** None.

| REFERRED TO ☐ CLASSIFICATION   ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | | DATE | TIME |
| T. Galloway, Correctional Sergeant | | | | |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| S. Patton, Captain (A) | | | |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |

CDC 115 (7/88)

10

STATE OF CALIFORNIA
**RULES VIOLATION REPORT - PART C**

DEPARTMENT OF CORRECTIONS
PAGE _2_ OF _2_

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| C-44519 | CRANE | A07-03-0073 | SVSP | 04/11/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

**Hearing:** 04/11/07    **TIME:** 1005 hours    **Any Postponement Explained:** None.

**Inmate's Health:** Inmate CRANE stated his health was good. **MHSDS:** Inmate CRANE **is not** a participant in the Mental Health Services Delivery System. The circumstances of the RVR do not indicate that Inmate CRANE exhibited any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate CRANE did not demonstrate any strange, bizarre, or irrational behavior. Based on this and pursuant to recent changes approved by the U.S. District Court on COLEMAN, a mental health assessment was not initiated.

**Date of Discovery:** 03/19/07    **Initial RVR copy issued on:** 03/23/07
**Hearing started on:** 04/11/07    **Last document issued to inmate on:** 03/23/07

**Time Constraints:** Inmate CRANE acknowledged receipt of all reports to be used in evidence and was ready to proceed with the hearing. Copies of all reports were issued more than 24 hours prior to the hearing. The disciplinary was served on Inmate CRANE within 15 days of discovery and the hearing has been held within 30 days. All time constraints have been met.

**Staff Assistant (SA):** Inmate CRANE'S TABE score is above 4.0. Therefore, a Staff Assistant was not assigned per CCR 3315(d)(2). Inmate CRANE explained his understanding of the charges/process/options/instructions to the Hearing Officer's (HO) satisfaction. Inmate CRANE read the RVR aloud and was able to demonstrate his understanding of the RVR and the disciplinary process through discussion with the HO.

**Investigative Employee (IE):** An Investigative Employee was not assigned per CCR 3314(c).

**Inmate Plea Statement:** Inmate CRANE entered a plea of Not Guilty and stated, "Nobody told me I had to come back."

**Witnesses Requested or Provided:** None    **Witness Testimony at Hearing:** None    **Confidential Information:** None

**FINDINGS (CON'T):** Inmate CRANE is found **Guilty** of "Out of Bounds." This finding of **Guilty** is based upon the following preponderance of evidence:

**A:** The information contained in the RVR Log# A07-03-0073 authored by Correctional Officer D. Ambriz, wherein he states in part, "I was observing the yard, when I noticed Inmate CRANE (C-44519 of A3-124L) on the yard. The Yard rotation according to the Facility "A" Yard Schedule, designated afternoon program for Housing Units 1,3 and 5, Upper Tier Yard. Inmate CRANE is assigned to the Lower Tier. Upon talking to floor staff, I was notified that Inmate CRANE was released to appear for a ducat and failed to return to the Housing Unit. Inmate CRANE has previously been verbally counseled on this offense numerous times."

**B:** Inmate CRANE pled Not Guilty during the hearing. However, due to the circumstance in the RVR, as mentioned above, there is sufficient evidence to justify the finding of guilty. Therefore, HO finds Inmate CRANE guilty of Out of Bounds.

**Appeal Rights:** Inmate CRANE was advised of his rights to appeal and also the policy and procedure of appeal. Inmate CRANE was advised that he will receive a completed copy of the RVR upon final audit by the Chief Disciplinary Officer. Inmate CRANE has 15 days from the receipt of his final copy to file an appeal.

D. Galloway-Correctional Sergeant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| D. Galloway | | 4-12-07 |

| GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | D. Ambriz | 4/12/07 | 1100 |

CDC 115-C (5/95)

OSP 99 25082

11

**STATE OF CALIFORNIA**
**COUNTY OF MONTEREY**

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, _Richard J. Crane_____ declare under penalty of perjury that: I am
the _Plaintiff_____ in the above entitled action; I have read the foregoing documents
and know the contents thereof and the same is true of my own knowledge, except as to matters
stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _16th_ day of _June_____, 20_08_____, at Salinas Valley State
Prison, Soledad, California 93960-1050.

(Signature) _Richard J. Crane_
DECLARANT/PRISONER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _Richard J. Crane_____, am a resident of California State Prison, in the County of
Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of
the above entitled action.  My state prison address is: P.O. Box 1050, Soledad, California 93960-
1050.

On _June 16___, 20_08_____, I served the foregoing: _OPPOSITION TO_
_DEFENDANT'S MOTION TO DISMISS AND MOTION TO DISMISS_
_DEFENDANT'S MOTION AS MOOT_

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with
postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas
Valley State Prison, Soledad, California 93960-1050.

_DANIELLE F. O'BANNON, Deputy Attorney General_
_455 Golden Gate Ave., Suite 11000_
_San Francisco, CA 94102-7004_

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular
communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _June 16___, 20_08_____,

_Richard J. Crane_
DECLARANT/PRISONER