Richard J. Crane
Salinas Valley State Prison
Fac. 'D' Bldg# 9
P.O. Box 1050
Soledad, CA 93960-1050

FILED

2008 JUN 19 P 3: 27

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE,<br>Plaintiff,<br><br>v.<br><br>D. AMBRIZ, et al.,<br>Defendants. | No. CV C 07-4620 JF<br><br>MOTION TO ALLOW FIRST AMENDED COMPLAINT TO BE FILED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a) |

The petitioner respectfully prays that the Court, to allow filing of First Amended Complaint under 28 U.S.C. §1915A filed, pursuant to Federal Rules of Civil Procedure, Rule 15(a), once as a matter of course at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a).

The petitioner filed a First Amended Complaint under Fed.R.Civ.P. 5(b), served Defendants proof of service on the Respondent's counsel dated on June 16, 2008.

1

## LEGAL ARGUMENT

The petitioner respectfully asserts that, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a petitioner may amend the Complaint once as a matter of course before any responsive pleading is served, but otherwise must obtain leave of court or written consent of the adverse party.

Further, a motion to dismiss is not a "responsive pleading" within the meaning of Rule 15(a). <u>Doe v. United States</u> (9th Cir. 1995) 58 F.3d 494, 496-97.

The Civil Rules governing pleading amendments, Federal Rule of Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendment with leave of court any time during a proceeding. <u>Mayle v. Felix</u> (2005) 125 S.Ct. 2562, 2569 (citing Fed.R.Civ.P. 15(a).)

The petitioner's understanding of the authority on amendment of original Complaint and, permits amendment prior to the filing of a Answer by Respondent.

> "Although Noll and Ferdik are not habeas cases, their requirement that a pro se complainant be afforded a meaningful opportunity to amend would appear to be applicable here. Federal Rule of Civil Procedure 15(a), which permits amendment of James' petition, "applies to habeas corpus actions with the same force that it applies to garden-variety civil cases. Taylor, 134 F.3d at 986 n. 6; see also 28 U.S.C. § 2242 (habeas petitions may be "amended or supplemented as provided in the rules of procedure applicable to civil actions"). Thus, even in the habeas context, we "remain guided by 'the underlying purpose of Rule 15 ... to facilitate decision on the merits, rather than on the pleadings or technicalities.'" Lopez, 203 F.3d at 1127 (quoting Noll, 809 F.2d at 1448)." <u>James v. Giles</u> (9th Cir. (Cal.) 2000) 221 F.3d 1074, 1077-1078.

1  'Original and amended pleadings "'ar[i]se out of the conduct,
2  transaction, or occurrence.'" Mayle v. Felix (2005) 125 S.Ct. 2562,
3  2569 (quoting Fed.R.Civ.P. 15(c)(2).)
4      The petitioner did not ask the court for leave of court to
5  amend, because the petitioner did not believe from the leading
6  authorities that this would have been a proper procedure.

"Rule 15. Amended and Supplemental Pleadings

(a) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." Fed.R.Civ.P. 15(a).

PRAYER FOR RELIEF

Wherefore, petitioner respectfully prays that this Honorable Court shall allow his First Amended Complaint since it was timely filed.

Dated: June 16, 2008.

Respectfully submitted,

*[signature]*
Richard J. Crane, #C-44519

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, **Richard J. Crane**, declare under penalty of perjury that: I am the **Plaintiff** in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this **16th** day of **June**, 20**08**, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) _Richard J. Crane_
DECLARANT/PRISONER

---

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, **Richard J. Crane**, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/~~am not~~ a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On **June 16**, 20**08**, I served the foregoing: **MOTION TO ALLOW FIRST AMENDED COMPLAINT TO BE FILED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)**

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

**DANIELLE F. O'BANNON, Deputy Attorney General
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004**

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

---

I declare under penalty of perjury that the foregoing is true and correct.

DATED: **June 16**, 20**08**,                            _Richard J. Crane_
DECLARANT/PRISONER