FILED

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  CRANE                    RICHARD                    J
    (Last)                              (First)                         (Initial)

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Prisoner Number   C-44519

Institutional Address   SVSP, 31625 HWY 101; P.O. Box 1050, Soledad, CA 93960

NC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

RICHARD JOSEPH CRANE,
(Enter the full name of plaintiff in this action.)

           vs.

D. AMBRIZ, and ZORNES, C.O.'s;

D. GALLOWAY, Correctional Sgt.,

S. HATTON, Captain (A),

D.M. MANTEL, and G.A. NEOTTI,
(Enter the full name of the defendant(s) in this action)

Case No.  C-07-4620 JF (PR)
(To be provided by the Clerk of Court)
FIRST AMENDED
COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
Title 42 U.S.C § 1983

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies.

[**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

A.    Place of present confinement   Salinas Valley State Prison

B.    Is there a grievance procedure in this institution?

        YES (**x**)      NO ( )

C.    Did you present the facts in your complaint for review through the grievance procedure?

        YES (**x**)      NO ( )

D.    If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue a certain level of appeal, explain why.

COMPLAINT                                   - 1 -

1. Informal appeal __BYPASSED    April 11, 2007__

_____

_____

2. First formal level__ BYPASSED   5-23-07 _____

_____

_____

3. Second formal level__ Denied and completed June 20, 2007,
__but withheld until plaintiff filed a State habeas
__corpus petition against Appeals Officials Aug 09, 2007

4. Third formal level _Waived by G.A. Neotti, Chief Deputy
__Warden, June 20th, but delivered August 09, 2007
__(See, Exhibit  A.) Title 15, § 3084.7 (b)(1)

E.    Is the last level to which you appealed the highest level of appeal available to you?

          YES (x)     NO ( )

F.    If you did not present your claim for review through the grievance procedure, explain why.__ Not applicable _____

_____

_____

II.    Parties.

A.    Write your name and your present address.  Do the same for additional plaintiffs, if any.

__Richard Joseph Crane, CDCR No. C-44519, Salinas Valley
__State Prison, 31625 Highway 101; P.O. Box 1050, Soledad,
__California  93960-1050

B.    Write the full name of each defendant, his or her official position, and his or her place of employment.

__D. Ambriz, Correctional Officer at Salinas Valley State

COMPLAINT                    -2-

1  Prison ("SVSP"); Zornes, Correctional Officer ("SVSP");

2  D. Galloway, Correctional Sgt., ("SVSP"); S. Hatton, Captain

3  (Acting) ("SVSP"); D.M. Mantel, Chief Disciplinary Officer

4  ("SVSP"); G.A. Neotti, Chief Deputy Warden, ("SVSP").

5  III.    Statement of Claim.

6      State here as briefly as possible the facts of your case.  Be sure to describe how each

7  defendant is involved and to include dates, when possible.  Do not give any legal arguments or

8  cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10     On March 08, 2007, C.O. D. Ambriz stopped plaintiff at

11 the entrance to Building 3, while plaintiff returned from the

12 law library and stated: "Crane you're still going to be in

13 prison."  C.O. Ambriz tauted plaintiff with retaliation for

14 suing Prison Guards and the Warden, M.S. Evans.  March 16,

15 2007, at 7:30 P.M. the electrical power went off inside of my

16 cell, and the neighbors Michael Clark and Todd Amos called to

17 C.O. Zornes and requested he turn the power back on.  Zornes

18 asked and received a key from C.O. Ambriz to open the chase

19 to turn the power on, but once Zornes tried the key, it did

20 not fit the lock.  Michael Clark informed plaintiff that C.O.

21 Ambriz had given the wrong key to Zornes, and this was to

22 keep plaintiff from using his typewriter.

23 IV.    Relief.

24     Your complaint cannot go forward unless you request specific relief.  State briefly exactly

25 what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

26 1. Injunctive relief; 2. Declaratory judgment; 3. Compensatory

27 damages according to proof; 4. Punitive damages according to

28 proof; 5. Reasonable attorney fees pursuant to 42 U.S.C.

COMPLAINT                       - 3 -

1  § 1988 should counsel eventually be appointed; 6. Cost of

2  suit and court cost; 7. Such further relief as the court

3  deems proper.   **DEMAND FOR JURY TRIAL**

4  Plaintiff hereby demands  trial by jury.

5      I declare under penalty of perjury that the foregoing is true and correct.

6

7      Signed this ___8th___ day of ___June_____, 20_0·8.

8

9

10                              Richard J. Crane
                                (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                        - 4 -

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE, | ) No. |
| Plaintiff, | ) |
| | ) FIRST AMENDED |
| vs. | ) COMPLAINT UNDER THE |
| | ) CIVIL RIGHTS ACT, |
| D. AMBRIZ, and ZORNES, C.O.'s, | ) Title 42 U.S.C. § 1983 |
| | ) |
| D. GALLOWAY, Correctional Sgt., | ) |
| | ) |
| S. HATTON, Correctional Captain (A), | ) |
| | ) |
| D.M. MANTEL, Chief Disciplinary Officer, | ) |
| | ) |
| G.A. NEOTTI, Chief Deputy Warden, | ) |
| | ) |
| Defendants. | ) |

JURISDICTION

1.   This action is brought pursuant to 42 U.S.C. § 1983. Therefore jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

VENUE

2.   All of the conduct giving rise to the claims alleged herein arose in Monterey County, California.   Therefore, venue is proper under 28 U.S.C. § 1391(b)(2).

INTRODUCTION

3.  This is a claim for damages and injunctive relief brought pursuant to Title 42 U.S.C. § 1983, against prison officials for violations of plaintiff Richard Joseph Crane's rights under the First Amendment to the United States Constitution.

4.  This claim further states a violation of the Due Process Clause, that an administrative regulation must give fair warning of the conduct which it prohibits. And violation 42 U.S.C. § 1985.

5.  This claim furthermore states the denial of due process in the administrative appeals process in violations of the Fourteenth Amendment, and that this denial was taken to conceal evidence which could be used against the defendants.

PARTIES

6.  Plaintiff Richard Joseph Crane is and was, at all times relevant hereto, a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  At the times of the events relevant hereto, Richard Joseph Crane, was incarcerated at Salinas Valley State Prison ("SVSP"), in Monterey County, California.

7.  Defendant D. Ambriz, is a Correctional Officer for the "CDCR" who, at all times relevant hereto was employed in that position at Salinas Valley State Prison.

8.  Defendant Zornes, is a Correctional Officer for the "CDCR" who, at all times relevant hereto was employed in that position at Salinas Valley State Prison.

9.  Defendant D. Galloway, is a Correctional Sergeant for the "CDCR" who, at all times relevant hereto was employed in that position at Salinas Valley State Prison.

10. Defendant S. Hatton, is a Correctional Captain (Acting) for the "CDCR" who, at all times relevant hereto was employed in that position at Salinas Valley State Prison.

11. Defendant D.M. Mantel, was a Chief Disciplinary Officer (Acting) for "CDCR" who, at all times relevant hereto was empolyed in that position at Salinas Valley State Prison.

12. Defendant G.A. Neotti, is a Chief Deputy Warden for the "CDCR" who, at all times relevant hereto was employed in that position at Salinas Valley State Prison.

13. At all times relevant and mentioned in this complaint, each individual defendant was acting under color of state law.

14. At all times mentioned in this complaint, each individual defendant was acting in their official capacity and in the scope and course of their employment.

15. All of the defendants, and each of them, are also sued in their individual capacities for the claims alleged in this complaint.

## FACTS

16. March 16, 2007, at 7:30 P.M. inmates Michael Clark and Todd Amos, in cell number 125 next door to the plaintiff, called out of their cell to C.O. Zornes and, asked if he could "turn the power back on," since the power was shut off earlier. C.O. Zornes called up to C.O. Ambriz in the control tower of building 3, and asked for the key to open the chase between the cells 124 and 125 connected to the same power source. C.O. Ambriz gave a key to Zornes, who came and attempted to open the chase with the key. Zornes announced that, "the key doesn't work!" Then Zornes gave the key back to C.O. Ambriz in the control tower.

17. March 16, 2007, Michael Clark called next door to the plaintiff, and told the plaintiff that, C.O. Ambriz must have given the wrong key to Zornes, and maybe Ambriz did not want the power on, since it would prevent plaintiff from typing pleadings to federal court in lawsuits which the plaintiff was litigating against "SVSP" Officials, M.S. Evans (Warden), D.M. Mantel, Capt., and S. Hatton, Lieutenant, and other prison guards for claims including beatings and filing false charges against the plaintiff.

18. March 16, 2007, plaintiff responded to Michael Clark's message by calling out of the cell 124 (directly below the tower) to C.O. Ambriz, asking if plaintiff could speak with Ambriz.

19. March 16, 2007, Ambriz reacted to plaintiff's request by mocking "I can't hear you," and "what?" The plaintiff politely replied "do I have to write it up?" C.O. Ambriz went to the small port window from tower to office where C.O. Zornes was in the office, and told C.O. Zornes that, plaintiff was threatening to "file on him." C.O. Zornes came out of the office enraged with a key in his hand and approached to the plaintiff's cell with the key striking the cell window with the key violently stating: "The key doesn't work. Your power will be off until Monday. If you want to 602 me go ahead, I don't give a shit. The name is Zornes." C.O. Zornes was wild and threatening waving the key and striking the cell window with the key clenched in his fist.

20. March 16, 2007, at 11:00 P.M. Count time, and a different shift of guards for First Watch on duty. Michael Clark asked the guard if he would turn the power back on. The floor guard went to the tower control guard (whom replaced Ambriz) and asked for the key to open the chase, and used the key to turn the power on.

21.    March 16, 2007, after 11:00 P.M. Count, the plaintiff realized that, C.O. Ambriz had given the wrong key to C.O. Zornes for the chase, and had created a conflict between C.O. Zornes and the plaintiff by this act, plus Ambriz telling C.O. Zornes that the plaintiff was threatening to file on him, further instigated the conflict between Zornes and the plaintiff.

22.    March 20, 2007, plaintiff mailed an affidavit to the United States District Court Northern District of California, case number C-07-0763 JF (PR), in support of a temporary restraining order against prison guards and officials at Salinas Valley State Prison, which was filed March 26, 2007. (Exhibit B.) Plaintiff filed this affidavit to document the fact that, C.O. Ambriz was going to retaliate against the plaintiff for his litigation on the "SVSP" Prison Guards. (See, Exhibit B.)

23.    March 19, 2007, C.O. Zornes searched the plaintiff's cell, and C.O. Ambriz wrote a false CDC 115 Rules Violation Report ("RVR"), alleging that the plaintiff was Out of Bounds. (See, Exhibit C.) This "RVR" was first known to the plaintiff on March 28, 2007, one week after the plaintiff documented that the prison guards were "unequivocally" "conspiring together to take retribution against this affiant for his civil rights actions." (See, Exhibit B, p. 4 ¶15.)

24.    March 20, 2007, C.O. Zornes refused to allow plaintiff to attend the law library even though the plaintiff had a Inmate Pass for law library at 1:00 P.M. (See, Exhibit B, exhibit A.)

25.    The "RVR" written on March 19, 2007, by C.O. Ambriz is a false and retaliatory report, which was written after the plaintiff had threatened to file on him on March 16, 2007.

26.    March 26, 2007, C.O. Ambriz signed the "RVR" Log No. A07-03-0073, which does not state a recognized violation of any rule of behavior defined by the California Code of Regulations, Title 15, Div. 3,  Chapter 1, Rules and Regulations.

27.    The March 26, 2007, "RVR" states a false rules violation of "Out of Bounds," pursuant to California Code of Regulations, Title 15, § 3015, when the facts written in the "RVR" do not substantiate a violation of Out of Bounds.    (Exhibit C, "RVR".)

**"3015. Unauthorized Areas and Facility Boundaries.**

(a) Every area of a facility which is out of bounds to inmates or which is only out of bounds at specified times shall be clearly designated. Inmates shall not enter such areas unless specifically authorized to do so by staff."

28.    April 11, 2007, D. Galloway, Correctional Sergeant found Richard J. Crane guilty of the specific act of Out of bounds, and assessed punishment at Loss of Privileges for 30 days.

29.    April 17, 2007, S. Hatton, Captain (Acting) reviewed and approved the false retaliatory "RVR" Log. No. A07-03-0073.

30.    April 17, 2007, D.M. Mantel, Chief Disciplinary Officer (Acting) approved of the false and retaliatory "RVR" Log No. A07-03-0073.

31.    S. Hatton, Lieutenant is a Defendant in another civil rights lawsuit in the United States District Court Northern District of California, Case No. C-06-6910 JF, and took this action to further retaliate against Richard J. Crane for pursuing that lawsuit against him.  **Exhibit J**

32.    D.M. Mantel, C.D.O. is a Captain at Salinas Valley State Prison on Facility 'A', and Richard J. Crane is suing Mantel in Case No. C-07-0763 JF, therefore D.M. Mantel retaliated for this.

33. Sergeant D. Galloway obstructed Richard Crane's previous Medical Appeal, and acted to prevent Richard Crane from pursuing a civil rights lawsuit against Salinas Valley State Prison for the denial of outdoor exercise in violation of the Eighth Amendment.

34. Sergeant D. Galloway is named by Richard Crane, in an Motion As Amicus Curia to enforce violation of California Prisons Health Care Receivership pursuant to Local Rule 66-1, and Local Rules 7-1, and 7-8, in Case Plata vs. Schwarzenegger, No. C-01-1351-TEH, and sought to retaliate also for Richard Crane filing against him.

35. D. Ambriz, Correctional Officer; Zornes, Correctional Officer; D. Galloway, Correctional Sergeant; S. Hatton, Captain (Acting); D.M. Mantel, Chief Disciplinary Officer (Acting), are all acting in concert in numerous violations of Richard Crane's civil rights by inhumane conditions of confinement; thus, they have all acted together to retaliate against Richard Crane for suing them.

36. G.A. Neotti, next did not interview any of the witnesses named in Richard Crane's administrative appeal Log No. 07-02012, but merely affirmed the guilty finding of a false and retaliatory "RVR", and waited until August 09, 2007, to deliver the denial to the appellant which was dated June 20, 2007.

37. On June 20, 2007, G.A. Neotti, was aware that Richard Crane was suing the Warden, M.S. Evans, and the Secretary of "CDCR" was being sued by Richard Crane in Case No. C-06-6910 JF, and waived the "Director's Level of Review," to retaliate while attempting to insulate the Secretary from liability for the First Amendment retaliation. (See, Exhibit A, June 20, 2007, 2nd Level Response, page 2 Decision.)

38.    March 14, 2007, Richard Crane filed a Citizen's Complaint CDC 602 Appeal against Sgt., D. Galloway, which was screened out by on March 15, 2007. The complaint concerned the practice of forcing two inmates to shower in a one man shower, and this unconstitutional practice has been imposed for over three years at "SVSP" Facility 'A'. Sgt., Galloway retaliated also for Richard Crane filing this complaint against him for the actions of imposing this practice to deny Richard Crane the shower which is afforded ever 72 hours for lockdown inmates. (Exhibits D and E.)

39.    Sergeant D. Galloway; S. Hatton, Captain (Acting); D.M. Mantel, Chief Disciplinary Officer (Acting); and G.A. Neotti, Chief Deputy Warden, are each individually and officially responsible for their actions in confirming and endorsing this clearly false, retaliatory, Rules Violation Log No. A07-03-0073, written by C.O., D. Ambriz.

40.    It is the belief of Richard Crane that, the Prison Officials named in this lawsuit are conspiring together to harm Richard Crane for suing them in civil rights lawsuit against the Salinas Valley State Prison for the denial of outdoor exercise and the denial of equal access to prison activities as inmates who have not been designated as having "sensitive needs," in violation of the Fourteenth Amendment. Furthermore, these Prison Officials are retaliating against Richard Crane for his active assistance to inmates who are likewise suing Salinas Valley State Prison, and for the fact that Richard Crane has reported numerous abuses and assaults by Prison Guards on inmates and filing false administrative charges with impunity.

COUNT ONE

**FIRST AMENDMENT RETALIATION BY STATE PRISON**
**OFFICIALS WHILE ACTING UNDER COLOR OF AUTHORITY**

41.    Richard J. Crane, realleges and incorporates by reference each allegation of paragraphs 1 through 40, inclusive, as if alleged herein.

42.    On March 16, 2007, C.O., D. Ambriz gave C.O. Zornes a key which would not open the chase for the electrical power outlet, and did this willingly to create hostility between Richard Crane and Prison Guard Zornes.

43.    March 16, 2007, when Richard Crane stated "do I have to write it up," C.O. Ambriz retaliated against Richard Crane for his exercising of his First Amendment rights, and instigated C.O. Zornes to conspire with him to retaliate against Richard Crane.

44.    **42 § 1985**        **Conspiracy to interfere with civil rights**

**(3) Depriving persons of rights or privileges**

If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;

45.    On March 19, 2007, C.O.'s D. Ambriz, and Zornes came to work at approximately 2:00 P.M. and began stalking for Richard Crane, because of his exercise of his rights under the First Amendment.

46.    March 19, 2007, C.O. Ambriz wrote a false and retaliatory "RVR" alleging "Out of Bounds" against Richard Crane while it was clearly a false administrative charge.

47.  Defendants' took these actions as a "retaliation against a prisoner for pursuing a grievance", which "violates the right to petition government for redress of grievances guaranteed by the First and Fourteenth Amendments and is actionable under § 1983. Franco v. Kelly, 854 F.2d 584 (prison alleged that false disciplinary charges were issued in retaliation for his cooperation with an investigation into inmate abuse). "[I]ntentional obstruction of a prisoner's right to seek redress of grievances 'is precisely the sort of oppression that ... section 1983 [is] intended to remedy.'" Id. at 589 (alteration in original) (quoting Morello v. James, 810 F.2d 344, 347 (2d Cir. 1987)).  The right to petition government for redress of grievances--in both judicial and administrative forums--is" 'among the most precious of the liberties safeguarded by the Bill of Rights.'" Graham v. Henderson, 89 F.3d 75, 80 (2d Cir. 1996).

48.  Richard Crane had the constitutional right to affirm "do I have to write it up?".  Which is protected by the **Right to Appeal** under the California Code of Regulations, Title 15, §3084.1, and the right, to not have a "reprisal" taken against him for exercising this right. ibid., § 3084.1(d).

49.  The Defendants have deliberately retaliated against Richard Crane for his exercise of his First Amendment rights. Rhodes v. Robinson (9th Cir. 2004) 408 F.3d 559, 567.

50.  The Defendants acted intentionally, maliciously, and wantonly, to silence Richard Crane or thwart Richard Crane in the exercise of his First Amendment rights and for having exercised these rights protected by the First Amendment.

51. As a direct and proximate result of all of the Defendants' actions herein alleged, Richard Crane, suffered injury to the free exercise of his constitutional rights under the First and Fourteenth Amendments. <u>Gomez v. Vernon</u> (9th Cir. 2001) 255 F. 3d 1118. See, Exhibit I  AFFIDAVIT OF SEMANU MILO.

52. As a further direct and proximate result of all of the defendants' actions herein alleged, Richard Crane, suffered, and continues to suffer the deprivation of the liberty interests vested in the California Code of Regulations Title 15 Section 3084.1, protected by the Fourteenth Amendment.

53. The "RVR" imposed by D. Ambriz against plaintiff for "Out of Bounds," because plaintiff was on the exercise yard, is the imposition of an "Underground Rule," and violates <u>Hillery v. Rushen</u> (9th Cir. (Cal.) 1983) 720 F.2d 1132, prohibiting the California Department of Corrections from imposing sanctions for Regulations which have not been approved by the Administrative Procedures Act. <u>Texas v. Hill</u>, 482 U.S. 451, 96 L.Ed.2d 398, 107 S.Ct. 2502 (U.S.Tex 1987), at 2508.

54. The March 26, 2007, "RVR" written by C.O. Ambriz does not state conduct amounting to the offense charged of "Out of Bounds ," (i.e., C.C.R. Title 15 §3015(a)), and Richard J. Crane had no Notice that being on the recreation yard would constitute the act of out of bounds. <u>Seehausen v. Van Buren</u>, 243 F.Supp.2d 1165, 1169:

> "It is clearly established, both by common sense and by precedent, that due process requires fair notice of what conduct is prohibited before a sanction can be imposed." Newell v. Sauser, 79 F.3d 115, 117 (9th Cir. 1996). "[B]ecause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of

ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 ((1972)."

55.  On March 19, 2007, Richard Crane had been lockdown on segregation cell confinement for some 24 days of the previous 33 days, and had received outdoor exercise on only some 4 days including March 19, 2007.  Yet, Prison Guard D. Ambriz decided to write Richard Crane an "RVR" for being outdoors for recreation on March 19, 2007. LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well-being" of prisoners. See Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979).  The "long term" deprivation of outdoor exercise to prisoners is unconstitutional. See LeMaire, 12 F.3d at 1458; Toussaint v. Rushen, 553 F.Supp. 1365, 1380 (N.D.Cal. 1983), aff'd in part and vacated in part, 722 F.2d 1490 (9th Cir. 1984).

56.  Defendant D. Ambriz took this retaliatory action to further militate  against Richard Crane's requests for outdoor exercise, and this was done to spite the existence of a prisoner's constitutional right to outdoor exercise under the Eighth Amendment.

57.  The courts have ordered prison and jail officials to afford some minimum of outdoor exercise each week, ranging from one hour of outdoor exercise daily to two and a half hours of outdoor exercise per week, and the preponderance of authority requiring at least one hour a day five days a week. See, inter alia, Campbell v. McGruder, aff'd in part and remanded in part, 580 F.2d 521, 545-546 (D.C.Cir. 1978) (one hour daily); Miller v. Carson (M.D.Fla. 1975) 401 F.Supp. 835, 891-93.

58.   On March 20, 2007, Defendant Zornes refused Richard Crane the right to attend law library, and told Richard Crane to "go back to your fucking cell," when released for the 1:00 P.M. law library pass and was acting wild and aggressive.   This action further supports,  the callous disregard for Richard Crane's constitutional rights Defendant Zornes exhibits.

59.   On March 19, 2007, Richard Crane did not violate any administrative rule defined by the California Code of Regulations, Title 15, Article 1 (Behavior) et seq., and was punished by the Defendants for exercising his constitutionally protected rights.

> "In addition, we find as a matter of law that plaintiff has stated a claim for retaliation based on his exercise of constitutionally and statutorily protected rights.  In general, a section 1983 claim will lie where the government takes negative action against an individual because of his exercise of rights guaranteed by the Constitution or federal laws. See Hynes v. Squillace, 143 F.3d 653, 657 (2d Cir. 1998) (per curiam) (citing Mt. Healthy Sch. Dist. v. Doyle, 429 U.S. 274, 287, 50 L.Ed. 2d 471, 97 S.Ct. 568 (1977))...."
> Friedl v. City of New York, 210 F.3d 79, 80.

60.   The Defendants acted deliberately, maliciously, and willfully, to deprive Richard Crane of these federally protected rights.

61.   As a direct and proximate result of all of the Defendants' actions herein alleged, Richard J. Crane, suffered, injury to his free exercise of his First and Fourteenth Amendment rights.

62.   As a further direct and proximate result of all of the Defendants' actions herein alleged, Richard J. Crane, suffered, the loss of liberty without Due Process in violation of the Fourteenth Amendment.

13

1  See, ; Chavis v. Rowe, 643 F.2d 1218.

2       "Second, "an inmate facing disciplinary charges
   must have an opportunity to marshal the facts and
3  prepare a defense." Giano v. Sullivan, 709 F.Supp.
   1209, 1214 (S.D.N.Y. 1989) (citing Wolff, 418 U.S.
4  at 564, and Patterson v. Coughlin, 761 F.2d 886,
   890 (2d Cir. 1985), cert. denied, 474 U.S. 1100,
5  .... "The inmate facing disciplinary proceedings
   should be allowed to call witnesses and present
6  documentary evidence in his defense when
   permitting him to do so will not be unduly
7  hazardous to institutional safety or correctional
   goals.  Ordinarily, the right to present evidence
8  is basic to a fair hearing...." Wolff, 418 U.S.
   at 566, n7." Young v. Kann, 926 F.2d 1396, 1399.

9  63.  The Hearing Officer Sgt., Galloway denied plaintiff the

10  right to present witnesses, Michael Clark, Todd Amos, and Carlos

11  Prado (Exhibit F, G, and H, Affidavits); and to confront the

12  alleged ducat pass of Floor Officer who alleged that the

13  plaintiff  had gone to a ducat pass, which was not true.

14       "Disciplinary panels in state prison are not
   courts. White v. Indiana Parole Board, 266 F.3d
15  759, 765-66 (7th Cir. 2001).  From this it follows
   that facts found (or assumed) by the prison
16  disciplinary board are not entitled to the
   presumption of correctness that 28 U.S.C. § 2254
17  (e) affords to judicial findings. Piggie v. McBride,
   277 F.3d 922, 925 (7th Cir. 2002).  This means,
18  in turn, that when a prisoner who seeks a writ of
   habeas corpus  provides competent evidence (such
19  as an affidavit by someone with personal knowledge
   of the events) contradicting an assertion by the
20  prison disciplinary board on a material question
   of fact pertinent to an issue of constitutional
21  law, the district court must hold an evidentiary
   hearing to determine where the truth lies. Piggie,
22  277 F.3d at 926; Pannell v. McBride, 306 F.3d 499
   (7th Cir. 2002)." Johnson v. Finnan, 467 F.3d 693,
23  694 (7th Cir. 2006).

24  64.  The  plaintiff asserts by this verified complaint and has

25  presented affidavits too; that, C.O.'s Ambriz and Zornes both

26  conspired to file the false disciplinary charge against the

27  plaintiff.  Thus, the "some evidence" standard does not apply.

28

65.      "Pearson argues that this court's decision in Barnett mandates that we apply the deferential Hill standard to his allegation against Hines. We disagree. Barnett does not extend the "some evidence" standard to immunize retaliatory accusations by prison guards. Barnett focused on a prison classification committee decision to discipline the prisoner. Barnett, 31 F.3d at 814.

We hold that were a prisoner alleges a correctional officer has falsely accused him of violating a prison rule in retaliation for the prisoner's exercise of his constitutional rights, the correctional officer's accusation is not entitled to the "some evidence" standard of review that we afford disciplinary administrative decisions. The magistrate court properly refused to apply the "some evidence" standard to Pearson's allegedly false and retaliatory accusation." Hines v. Gomez (9th Cir. 1997) 108 F.3d 265, 269.

66. Thus, the plaintiff has never been afforded the right to present the defense to the false disciplinary charge, and this requires an evidentiary hearing to ascertain the true facts. See, Meeks v. McBride, 81 F.3d 717, 720.

CONCLUSION

67. Wherefore, the court's have ruled that, "A fundamental tenet of due process is that to be sanctioned one must have received fair notice that one's allegedly violative conduct was prohibited," and "It is beyond cavil that this principle applies within the prison setting. Coffman v. Trickey, 884 F.2d 1057, (reversed) (8th Cir. 1989) at p. 1060, citing Grayned, ibid., and Bouie, with other authorities; Burnsworth v. Gunderson, 179 F.3d 771, 774 (9th Cir. 1999).

Date.: June   08 , 2008

Respectfully submitted,

Richard J. Crane, in pro per

15

1  68.  Richard J. Crane is entitled to injunctive relief, and

2  declaratory relief, including a declaration that the Rules

3  Violation dated March 26, 2007, does not detail facts of any known

4  violation of the prison rules.

5  69.  Richard J. Crane, is entitled to injunctive relief, in

6  but not limited to a transfer to federal custody.

7                        VERIFICATION

8  I, declare (or certify, verify, or state) under the penalty

9  of perjury under the laws of the United States of America that

10 the foregoing is true and correct. (28 U.S.C. § 1746.)  As to

11 Those matters stated on my information and belief, I believe them

12 to be true and correct.

13 Dated: June  08, 2008.

14                                    _____

15                                    Richard J. Crane

16
17
18
19
20
21
22
23
24
25
26
27
28

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Richard Joseph Crane, prays for the following relief:

1. Injunctive relief;

2. Declaratory judgment;

3. Compensatory damages according to proof;

4. Punitive damages according to proof;

5. Reasonable attorney fees pursuant to 42 U.S.C. § 1988 should counsel eventually be appointed;

6. Cost of suit and court cost;

7. Such further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff Richard Joseph Crane hereby demands a trial by jury.

Dated: June 08, 2008

Richard Joseph Crane, in pro se

17