EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
DANIELLE F. O'BANNON, State Bar No. 207095
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5735
  Fax: (415) 703-5843
  Email: Danielle.OBannon@doj.ca.gov

Attorneys for Defendants Ambriz, Galloway, Hatton,
Neotti, Mantel and Zornes

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD J. CRANE,<br><br>                        Plaintiff,<br><br>v.<br><br>D. AMBRIZ, et al.,<br><br>                       Defendants. | C 07-4620 JF<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

     Defendants Ambriz, Galloway, Hatton, Neotti, Mantel, and Zornes (Defendants) file this Reply Brief in Support of Their Motion to Dismiss in response to Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion to Dismiss Defendants' Motion as Moot (Opp'n). In his Opposition, Plaintiff fails to demonstrate that he exhausted his administrative remedies before filing this action and fails to allege facts sufficient to support a claim for retaliation.

**A.   Defendants' Motion to Dismiss Should Be Directed at the Amended Complaint.**

     As an initial matter, the Court must address the effect of Plaintiff's recently filed Amended Complaint on Defendants' Motion to Dismiss because an amended complaint supersedes the

Defs.' Reply Pl.'s Opp'n                                                                R. J. Crane v. D. Ambriz, et al.<br>
                                                                                                                                                                 C 07-4620 JF

1

original. *Milsap v U-Haul Truck Rental Co.*, 2006 WL 379731 *1 (D.Ariz. 2006). At the time Defendants filed their motion to dismiss the operative pleading in this case was Plaintiff's original Complaint. In response to Defendants' motion to dismiss, Plaintiff filed an amended complaint. (Docket No. 20.) The filing of an amended pleading moots a motion to dismiss, unless the Amended Complaint fails to cure the deficiencies detailed in Defendants' motion to dismiss. *Robinson v. State of California*, 2005 WL 15161524 *1 (E.D. Cal. 2005).

Here, Plaintiff's Amended Complaint does not cure the deficiencies outlined in Defendants' motion to dismiss. Plaintiff repeats verbatim the language in his original Complaint. The allegations against the Defendants on paragraphs one through fifty-two and fifty-four through sixty-three are identical. (Compl. ¶¶ 1-53, 54-63; Am. Compl. ¶¶ 1-53, 54-63.) Therefore, the Amended Complaint does not cure the exhaustion and failure to state a claim issues as argued in Defendants' Motion to Dismiss. Moreover, given the substantial similarity between the original and amended complaints, Defendants would be required to file another motion to dismiss specifically directed at the amended complaint on the issues of exhaustion and failure to state a claim. To do so, would be a waste of the judicial resources. Therefore, Defendants request that the Court direct Defendants' motion to dismiss at Plaintiff's Amended Complaint[1]. *Robinson*, 2005 WL 15161524 *1; *See also* Schwarzer, Tashima and Wagstaffe, *Fed. Pro. Before Trial*, § 9:262 (The Rutter Group 2004) ("An amended complaint supersedes the prior complaint as a pleading. Thus, the court will usually treat the motion to dismiss as mooted. It may, however, proceed with the motion if the amendment does not cure the defect.").

**B.     The Supreme Court Has Held that the Exhaustion Requirement is Mandatory.**

The Supreme Court held that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The exhaustion requirement is mandatory. *Id.*

Here, Plaintiff does not deny that the only administrative appeal related to the claims in his

---

1. If the Court does not dismiss the Amended Complaint, Defendants respectfully request the Court screen the Amended Complaint under 28 U.S.C. § 1915A.

Defs.' Reply Pl.'s Opp'n                                         R. J. Crane v. D. Ambriz, et al.
                                                                                    C 07-4620 JF

2

amended complaint was inmate appeal number SVSP 07-02012, submitted on April 4, 2007. That inmate appeal claimed that on March 19, 2007, Defendant Ambriz wrote a disciplinary report against him in retaliation for Plaintiff saying he was going to submit an administrative grievance against him. (Am. Compl Ex. A, Inmate Appeal No. SVSP 07-02012.) Plaintiff also does not dispute in his Opposition that inmate appeal number SVSP 07-02012 does not relate to any acts or omissions of Defendants Zornes, Galloway, Hatton, Mantel, and Neotti. (Opp'n at 2.) In fact, Plaintiff only devotes three sentences of his Opposition to the issue of exhaustion. (*See* Opp'n.) Because Plaintiff failed to submit an inmate grievance relating to the conduct of Defendants Zornes, Galloway, Hatton, Mantel and Neotti, the claims against these Defendants should be dismissed. 42 U.S.C. § 1997e(a); *Porter*, 534 U.S. at 524-25.

### C. Plaintiff Failed to State Sufficient Facts to State a Claim for Retaliation as to Each Defendant

Plaintiff devoted half of his Opposition to the issue of failure to state a claim. (Opp'n at 4-7.) In those four pages, Plaintiff discusses at length the legal standard for granting a Rule 12(b)(6) motion for failure to state a claim. (*Id.*) However, Plaintiff failed to discuss whether he alleged facts sufficient to support a First Amendment claim for retaliation against each Defendant and failed to point to the facts in his amended complaint that show that he did state sufficient facts to support a claim for retaliation.

As discussed in Defendants' moving papers, a claim of First Amendment retaliation contains five basic elements: (1) a state actor took an adverse action against the Plaintiff: (2) because of; (3) the Plaintiff's protected conduct, and that such action (4) chilled the plaintiff's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhoades v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). In regards to the fourth element, the Ninth Circuit has indicated that an allegation of "harm that is more than minimal," may suffice if a plaintiff fails to allege a chilling effect. *Id.* at 567 n.11.

Moreover, prisoner retaliation claims should be evaluated in light of *Sandin v Conner*, 515 U.S. 472 (1995), in which the Supreme Court stated that courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment, especially

Defs.' Reply Pl.'s Opp'n   R. J. Crane v. D. Ambriz, et al.
C 07-4620 JF

3

with regard to the fine-tuning of the ordinary incidents of prison life. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

Although it is impermissible for prison officials to retaliate against inmates for engaging in protected activities, such as submitting prison grievance, not every allegedly adverse action is sufficient to support a claim under § 1983 for retaliation.

1. Defendant Zornes

Here, Plaintiff's allegations fail to satisfy the pleading requirements for a retaliation claim because they are insufficient to establish an adverse action on the part of Defendant Zornes. Plaintiff merely alleges that on one occasion Defendant Zornes searched Plaintiff's cell and tossed his property around while using an obscene word and on another occasion Defendant Zornes refused to let Plaintiff go to the library because he had not yet been called. (Am. Compl. ¶¶ 23, 24.) Plaintiff does not allege that any items of property were confiscated and not returned, nor that he was prevented from possessing certain items in his possession at the time of the cell search. Plaintiff also does not allege that he was permanently prevented from going to the law library or was denied access to legal materials. Defendant Zornes' actions are not so clearly adverse to Plaintiff when viewed in light of the prison context as to constitute an adverse action sufficient to support a claim for retaliation. *See Pratt*, 65 F.3d at 807. Therefore, Plaintiff fails to state a cognizable claim for retaliation as to Defendant Zornes.

2. Defendant Galloway

Here, Plaintiff's allegations fail to satisfy the pleading requirements for a retaliation claim because they are insufficient to establish an adverse action on the part of Defendant Galloway. Defendant Galloway's act of finding Plaintiff guilty of being "out of bounds" and ordering a suspension of privileges as permitted in California Code of Regulations, § 3376(e)(2) is not sufficient to support Plaintiff's claim for retaliation against Defendant Galloway. (Am. Comp. ¶ 28.) Therefore, Plaintiff fails to state a cognizable claim for retaliation as to Defendant Galloway.

3. Defendants Hatton and Mantel

Here, Plaintiff's allegations fail to satisfy the pleading requirements for a retaliation claim

Defs.' Reply Pl.'s Opp'n                                              R. J. Crane v. D. Ambriz, et al.
                                                                      C 07-4620 JF

4

because they are insufficient to establish an adverse action on the part of Defendants Hatton and Mantel. Plaintiff claims that Defendants Hatton and Mantel only reviewed and approved the disciplinary report. (Am. Compl. ¶¶ 29-30.) Other than reviewing and approving the report, Plaintiff fails to allege any further action that would be deemed an adverse action sufficient to support a claim for retaliation. Therefore, Plaintiff fails to state a cognizable claim for retaliation as to Defendants Hatton and Mantel.

    4.   <u>Defendant Neotti</u>

Here, Plaintiff's allegations fail to satisfy the pleading requirements for a retaliation claim because they are insufficient to establish an adverse action on the part of Defendant Neotti. Plaintiff claims that Defendant Neotti retaliated against him by not interviewing any of the witnesses named in Plaintiff's inmate appeal number 07-02012 before denying the appeal. (Am. Comp. ¶ 36.) However, the Department of Corrections and Rehabilitation's Operations Manual did not require Defendant Neotti to interview witnesses for inmate appeals. *See* DOM §§ 54100.11.2, 54100.11.3. Defendant Neotti's actions in denying the second level appeal without more, would not be deemed an adverse action sufficient to support a claim for retaliation. Therefore, Plaintiff fails to state a cognizable claim for retaliation as to Defendant Neotti.

    5.   <u>Defendant Ambriz</u>

Here, Plaintiff's allegations fail to satisfy the pleading requirements for a retaliation claim because they are insufficient to establish an adverse action on the part of Defendant Ambriz. Plaintiff's First Amendment right was not chilled and he was not harmed in any way by the loss of power of no more than four hours. Moreover, although Plaintiff alleges that Defendant Ambriz submitted a false disciplinary report, the report was reviewed and approved by three separate individuals not involved in the incident and Plaintiff was ultimately found guilty of the charges. (Am. Compl. Ex. A, Rules Violation Report.) The actions as plead in Plaintiff's amended complaint and the outcomes of those actions against Plaintiff were not clearly adverse to Plaintiff as to constitute an adverse action sufficient to support a claim for retaliation. Because Plaintiff's right was not chilled and he was not harmed, Plaintiff fails to state a cognizable claim for retaliation as to Defendant Ambriz.

Defs.' Reply Pl.'s Opp'n                          R. J. Crane v. D. Ambriz, et al.
C 07-4620 JF

**D. Defendants' Actions Did Not Violate a Constitutional Right and as a Result Defendants are Entitled to Qualified Immunity.**

Assuming arguendo that a violation occurred under the first step of *Saucier*, the inquiry is whether it was clear to a reasonable prison official who reviews and approves a disciplinary report, and denies an inmate appeal, that they violated Plaintiff's rights by engaging in this conduct. Here, it would not have been clear to a reasonable prison official who was not directly involved in drafting the disciplinary report, that his conduct, which was clearly authorized by the regulations and department operations manual, violated Plaintiff's rights. *See* DOM §§ 54100.11.2, 54100.11.3 (2007); Cal. Code Regs. tit. 15, § 3384.5(e)(1), § 3314(b). Because Defendants were relying upon departmental policy and the regulations when they engaged in this conduct, it cannot be said that Defendants knowingly violated the law.

**E. Conclusion**

Plaintiff's action must be dismissed because he did not exhaust his administrative remedies as required by the PLRA. *See* 42 U.S.C. § 1997e(a). Plaintiff failed to submit an inmate grievance relating to the conduct of Defendants Zornes, Galloway, Hatton, Mantel, and Neotti. Plaintiff also failed to state sufficient facts to support a First Amendment Claim for retaliation against each Defendant. Defendants are entitled to qualified immunity because Defendants were relying upon departmental policy and regulation when they engaged in their conduct. Accordingly, Defendants

///

///

Defs.' Reply Pl.'s Opp'n

R. J. Crane v. D. Ambriz, et al.
C 07-4620 JF

respectfully request that this action be dismissed.

Dated: June 23, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

DANIELLE F. O'BANNON
Deputy Attorney General
Attorneys for Defendants
Ambriz, Galloway, Hatton, Neotti, Mantel and Zornes

20118305.wpd
SF2008401001

Defs.' Reply Pl.'s Opp'n

R. J. Crane v. D. Ambriz, et al.
C 07-4620 JF

7

### DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Richard J. Crane v. D. Ambriz, et al.*

No.:   U. S. D. C., N. D., SAN JOSE DIV., C 07-4620 JF

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **June 26, 2008**, I served the attached

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Richard Joseph Crane, C-44519**
**Salinas Valley State Prison**
**P.O. Box 1050**
**Soledad, CA  93960-1050**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **June 26, 2008**, at San Francisco, California.

|                        |                        |
|------------------------|------------------------|
| J. Baker               |                        |
| Declarant              | Signature              |

20118907.wpd