Richard Crane, # C-44519
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

FILED

2008 JUL 10 P ⁙ 30

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD JOSEPH CRANE,

    Plaintiff,

    vs.

D. AMBRIZ, et. al.,

    Defendants.

No. C-07-4620-JF

MOTION FOR USE OF
PERSONAL TYPEWRITER

    Plaintiff respectfully moves the Court for access to use of his personal typewriter.

    On March 20, 2008, Defendants' further retaliated against him for pursuing Federal civil rights lawsuits, cases numbered C-06-6910-JF; C-07-0763-JF, and fabricated an allegation to take his typewriter and obstruct or defeat this valid lawsuit violating 42 U.S.C. section 1985 (a) (2).

1

The Defendants' used these unfair tactics to raise a motion to dismiss and obstruct plaintiff from the chance to adequately and properly oppose the motion.

On March 20, 2008, C.O. Dotson stole or gave away all 20 of plaintiff typewriter ribbons.

Lt. Biagini wrote plaintiff's lockup order March 20, 2008, in conspiracy with Defendants', and denied plaintiff's appeal for access to his typewriter, Appeal No. SVSP-D-08-02021.

On July 07, 2008, Lt. Biagini allowed an inmate Berry D9 #193 three cells from plaintiff to have his personal typewriter.

These actions and depriving plaintiff of his typewriter violate the First Amendment. (See Abu-Jamal v. Price, 154 F.3d 128. 135; Atkinson v. Taylor. 316 F.3d 257. 270.

Further, plaintiff exhausted administrative remedies pursuant to Title 15 C.C.R. sec. 3084.7 (b)(1), see First Amended Complaint page 2 paragraph 4, and Exhibit A attached.

I affirm under penalty of perjury the forgoing is true and correct.

Dated: July 07, 2008

Respectfully submitted,

_Richard J. Crane_

Richard J. Crane

2.

# EXHIBIT A

(4) Third level responses shall be completed within 60 working days.

(5) Exception is authorized in the event of:

(A) Unavailability of the appellant, or staff or inmate witnesses.

(B) Complexity of the decision, action, or policy.

(C) Necessary involvement of other agencies or jurisdictions.

(6) Except for the third formal level, if an exceptional delay prevents completion of the review within specified time limits, the appellant shall be informed in writing of the reasons for the delay and the estimated completion date.

(c) Inmate or parolee response. An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 832.5 and 5054, Penal Code; Sections 19572, 19583.5 and 19635, Government Code; and *Brown v. State Personnel Board* (1985, 3d Dist), 166 Cal App 3d 1151, 213 Cal Rptr 53.

HISTORY:

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.

2. Certificate of Compliance as to 5-18-89 order including amendment of subsection (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. Amendment of subsections (b)(1)–(5), repealer and new subsection (b)(6)(D), amendment of subsections (b)(7) and (c), and repealer of subsections (c)(1) and (c)(2) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

4. Amendment of subsections (b)(1)–(5), repealer and new subsection (b)(6)(D), amendment of subsections (b)(7) and (c), and repealer of subsection (c)(1) and (c)(2) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

5. Editorial correction of History 4 (Register 97, No. 24).

6. Certificate of Compliance as to 5-29-97 order, including amendment, transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

**3084.7.   Exceptions to the Regular Appeals Process.**

(a) Emergency Appeals. Usual time limits for staff response shall not apply to emergency appeals, which shall be resolved in the shortest practical time.

(1) When circumstances are such that the regular appeal time limits may result in a threat to the appellant's safety or cause other serious and irreparable harm, the appeal shall be processed as an emergency appeal. Such circumstances include, but are not limited to:

(A) Need for protective custody.

(B) Decision was made to transfer the appellant to an institution housing an enemy.

(C) The appellant was scheduled for parole within 15 calendar days and is appealing a serious disciplinary action resulting in credit loss extending the release date.

(2) The appeal shall be submitted directly to the appeals coordinator and include substantiation of circumstances warranting emergency processing of the appeal.

(A) If the appeals coordinator determines emergency processing is unwarranted, the inmate shall be notified and the appeal shall be processed as a regular appeal.

(B) If emergency processing is warranted, the first level shall be waived and the second level review shall be completed within five working days.

(C) If dissatisfied with the second level response, the appellant may resubmit the appeal to the appeals coordinator who shall telefax it to the chief, inmate appeals, for a third level review which shall be completed within five working days.

(b) Disciplinary Appeals.

(1) A second level review shall constitute the department's final action on appeals of disciplinary actions classified as "administrative" pursuant to section 3314; and Custodial Counseling Chronos, CDC Form 128-A (rev. 4-74), documenting minor disciplinary infractions pursuant to section 3312(b).

(2) Appeals of disciplinary actions classified as "serious" pursuant to section 3315, where credit loss is a sanction, may be appealed through the third level. Within 15 working days of receipt of the department's third level denial of a disciplinary credit loss appeal, the appellant may demand a Board of Prison Terms review. The appellant shall submit the written demand for such review, with a copy of the department's final decision, to the institution's classification and parole representative or the parole region's appeals coordinator who shall within five working days forward the material to the Board.

(c) Combined Disciplinary and Parole Rescission Hearing Appeals.

(1) When the outcome of a pending disciplinary hearing may impact a Board of Prison Terms' parole rescission hearing on the same individual, a combined hearing may be held wherein the evidence is considered by both departmental and Board staff in arriving at their separate decisions.

(2) When any aspect of a combined disciplinary and parole rescission hearing is appealed, first and second level review shall be waived. The appeal shall be forwarded to the chief, inmate appeals, for a combined review by the department and the Board of Prison Terms.

(d) Transfer Appeals. A decision for transfer to another institution may be appealed by the affected inmate after endorsement by the classification staff representative.

(1) Filing of an appeal of a transfer decision shall not normally be cause to stay or delay a transfer.

(2) Regular transfer appeals:

(A) Informal and first level of appeal shall be waived.

(B) If the appeal is granted at second level, the appellant's case shall be presented to a second classification staff representative for reconsideration.

(C) If the second classification staff representative disagrees with second level appeal response, the institution head may submit the case to the departmental review board for final decision.

(D) If the appeal is denied at second level or the institution head does not refer the case to the departmental review board, the appellant may appeal at the third level.

(3) Reception center transfer appeals:

(A) The informal level shall be waived.

(B) First level review shall be conducted by the reception center's correctional administrator.

(C) If the appeal is granted, the appellant may be retained at the reception center until the case is presented to a second classification staff representative for reconsideration.

(D) If the second classification staff representative disagrees with the first level appeal decision, the appellant may resubmit the appeal for second level review.

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, _Richard J. Crane_____ declare under penalty of perjury that: I am
the _Plaintiff_____ in the above entitled action; I have read the foregoing documents
and know the contents thereof and the same is true of my own knowledge, except as to matters
stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _____ day of __July_____, 20_08____, at Salinas Valley State
Prison, Soledad, California 93960-1050.

(Signature)_____
                        DECLARANT/PRISONER

--------------------------------------------------------------------

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _Richard J. Crane___, am a resident of California State Prison, in the County of
Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of
the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-
1050.

On _July_____, 20_08____, I served the foregoing: _MOTION FOR USE OF_
_PERSONAL TYPEWRITER_____

_____

_____

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with
postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas
Valley State Prison, Soledad, California 93960-1050.

_Danielle F. O'Bannon, Deputy Attorney General_
_455 Golden Gate Ave., Suite 11000_
_San Francisco, CA 94102 - 7004_

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular
communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _July_____, 20_08____,        _____
                                                DECLARANT/PRISONER

Salinas Valley State Prison, D9-196
P.O. Box 1050
Soledad, CA 93960-1050

LEGAL MAIL

CLERK OF THE COURT U.S.
NORTHERN DISTRICT OF CALIFORNIA
280 South First Street, #2112
San Jose, CA 95113-3095

7/7/08