1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | ROCHELLE C. EAST
Acting Senior Assistant Attorney General
4 | JONATHAN L. WOLFF
Supervising Deputy Attorney General
5 | DANIELLE F. O'BANNON, State Bar No. 207095
Deputy Attorney General
6 | 455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
7 | Telephone: (415) 703-5735
Fax: (415) 703-5843
8 | Email: Danielle.OBannon@doj.ca.gov

9 | Attorneys for Defendants Ambriz, Galloway, Hatton,
Neotti, Mantel, and Zornes

10

11

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD J. CRANE, | C 07-4620 JF |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR USE OF PERSONAL TYPEWRITER** |
| v. | |
| D. AMBRIZ, et al., | |
| Defendants. | |

Defendants Ambriz, Galloway, Hatton, Neotti, Mantel, and Zornes (Defendants) submit their Opposition to Plaintiff's Motion for Use of Personal Typewriter.

**INTRODUCTION**

This is a civil-rights lawsuit filed by a state prisoner, Richard Joseph Crane (Plaintiff). Plaintiff sued Defendants for six separate acts of retaliation. Plaintiff's current motion does not address the actions of any of the Defendants and should be denied. Plaintiff's motion should also be considered as a second attempt to oppose Defendants' Motion to Dismiss and should be disregarded as untimely.

///

Defs.' Opp. Pl.'s Mot. Use Personal Typewriter                    R. J. Crane v. D. Ambriz, et al.
Case No. C 07-4620 JF

1

**PROCEEDUREAL HISTORY**

Plaintiff filed his Complaint in this case on September 5, 2007. The Court screened the Complaint under 28 U.S.C. § 1915A, and found a cognizable claim for retaliation against Defendants for violating Plaintiff's First Amendment right and dismissed Plaintiff's second claim that his constitutional rights to a fairing warning under *Bouie v City of Columbia*, 378 U.S. 347 (1964), wete violated after being disciplined for being out of bounds. (Order of Partial Dismissal and Service at 2.)

Defendants filed a Motion to Dismiss on May 28, 2008. (Docket No. 13.) Plaintiff filed his typewritten opposition to Defendants' Motion to Dismiss on June 19, 2008. (Docket No. 18.) On June 26, 2008, Defendants filed their reply to Plaintiff's Opposition to Defendants' Motion to Dismiss. (Docket No. 21.)

Defendants now submit this Opposition to Plaintiff's Motion for Use of Personal Typewriter.

**ARGUMENT**

**I.**

**PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE IT DOES NOT STATE ANY ALLEGATIONS AGAINST ANY OF THE DEFENDANTS IN THIS ACTION.**

Plaintiff alleges that on March 20, 2008, Defendants further retaliated against Plaintiff by fabricating an allegation to take Plaintiff's typewriter. (Pl.'s Mot. at 1.) Plaintiff also alleges Defendants used these unfair tactics to raise a motion to dismiss and obstruct Plaintiff from the chance to adequately and properly oppose the motion. (*Id.*) However, Plaintiff filed a timely typewritten opposition to Defendants' Motion to dismiss on June 19, 2008. Thus, Plaintiff had a chance to adequately and properly oppose Defendants' motion. Moreover, Plaintiff does not cite to any actions of any of the Defendants. Plaintiff alleges that on March 20, 2008, Correctional Officer Dotson stole or gave away all of Plaintiff's typewriter ribbons, wrote Plaintiff's lock up order in conspiracy with Defendants, and denied Plaintiff's inmate appeal for access to his typewriter. (*Id.*) Plaintiff also alleges that on July 7, 2008, Lt. Biagini allowed inmate Berry three cells away from Plaintiff, to have a personal typewriter. (*Id.*) No where in Plaintiff's

Defs.' Opp. Pl.'s Mot. Use Personal Typewriter                    R. J. Crane v. D. Ambriz, et al.
Case No. C 07-4620 JF

2

1   motion does he allege that any of the Defendants acted against Plaintiff.  Because Plaintiff only

2   points to actions of non-defendants, Plaintiff's motion should be denied.

3                                              **II.**

4   **PLAINTIFF'S MOTION IS A SECOND OPPOSITION TO DEFENDANTS' MOTION
    TO DISMISS AND SHOULD NOT BE CONSIDERED.**

5

6        If the Court is inclined to consider Plaintiff's motion, Defendants request that the Court

7   consider this motion as Plaintiff's further opposition to Defendants' Motion to Dismiss.

8   Plaintiff's motion primarily focuses on Defendants' Motion to Dismiss and the exhaustion issue.

9   (Pl.'s Mot. at 2.)  Therefore, Plaintiff's motion is really a second attempt to oppose Defendants

10  motion.  This Court has stated that the dispositive motion shall be deemed submitted as of the

11  date the reply brief is due.  (Order of Service at 5.)  Therefore, Defendants respectfully request

12  that the Court consider the motion to dismiss submitted as of June 26, 2008, and disregard

13  Plaintiff's current motion in its entirety.

14                                      **CONCLUSION**

15       Plaintiff's motion fails to address any of the Defendants sued in this action and is an attempt

16  to further oppose Defendants' motion to dismiss which was deemed submitted as of the date of

17  Defendants' Reply, June 26, 2008.  Therefore Defendants respectfully request that this Court

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Defs.' Opp. Pl.'s Mot. Use Personal Typewriter                    R. J. Crane v. D. Ambriz, et al.
                                                                         Case No. C 07-4620 JF

1    deny it and secondly, consider Plaintiff's motion untimely and disregarded it in its entirety.

2

3           Dated: July 29, 2008
                                Respectfully submitted,
4
                                EDMUND G. BROWN JR.
5                               Attorney General of the State of California

6                               DAVID S. CHANEY
                                Chief Assistant Attorney General
7
                                ROCHELLE C. EAST
8                               Acting Senior Assistant Attorney General

                                JONATHAN L. WOLFF
9                               Supervising Deputy Attorney General

10

11

12                              DANIELLE F. O'BANNON
                                Deputy Attorney General
13                              Attorneys for Defendants
                                Ambriz, Galloway, Hatton,  Neotti, Mantel, and Zornes
14

15
     20129131.wpd
16   SF2008401001

17

18

19

20

21

22

23

24

25

26

27

28

     Defs.' Opp. Pl.'s Mot. Use Personal Typewriter                    R. J. Crane v. D. Ambriz, et al.
                                                                       Case No. C 07-4620 JF

                                          4

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Richard J. Crane v. D. Ambriz, et al.*

No.:   **U. S. D. C., N. D., SAN JOSE DIV., C 07-4620 JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 30, 2008**, I served the attached

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR USE OF PERSONAL TYPEWRITER**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Richard Joseph Crane, C-44519**
**Salinas Valley State Prison**
**P.O. Box 1050**
**Soledad, CA  93960-1050**
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 30, 2008**, at San Francisco, California.

| J. Baker | | |
| --- | --- | --- |
| Declarant | | Signature |

20129441.wpd