Richard J. Crane, #C-44519
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050



FILED

2008 AUG 27 P 3:57

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICHARD J. CRANE,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>D. AMBRIZ, et al.,<br><br>　　Defendants. | No. C-07-4620-JF<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR USE OF PERSONAL TYPEWRITER |

　　The plaintiff respectfully submits this reply to Defendants' Opposition to Plaintiff's Motion for Use of Personal Typewriter, pursuant to Local Rule 7-3(c).

INTRODUCTION

　　On August 4, 2008, plaintiff received Defendants' Opposition to plaintiff's ex parte motion for use of his personal typewriter. The opposition is totally incorrect. All of the Defendants' except for C.O. Zornes, took actions against the plaintiff to place him in Ad Seg and "ruin his case" by confiscating his typewriter, and stealing typewriter ribbons.

1

On March 12, 2008, (8 days before Ad Seg) Defendant Ambriz said to C.O. Dotson: "Throw him in Ad Seg, ruin his case." (See, First Amend. Compl. Exh. 'I' Affidavit of Semanu Milo, filed on March 14, 2008.)

On March 20, 2008, Defendant Mantel was the supervising official (Captain) responsible for placing plaintiff in Ad Seg on a fabricated (Non-existent) offense. Mantel Chaired March 21, 2008, hearing and ordered plaintiff's retention in Ad Seg, and on March 27, 2008, extended his Ad Seg on a false claim that, the investigation was not completed. (See, Exh. A and B.)

Defendants' Mantel and G.A. Neotti denied plaintiff's administrative appeal at the First and Second Levels each respectively, affirming plaintiff's unconstitutional Ad Seg to keep his typewriter and obstruct or ruin his case against them.

Defendant G.A. Neotti denied plaintiff's administrative appeal for access to his typewriter at the Second Level, No. SVSP-D-08-02021, clearly to obstruct this lawsuit and retaliate.

Defendant Hatton was the Lieutenant on duty March 20, 2008 supervising plaintiff's Ad Seg placement to have his typewriter taken, obstruct this lawsuit and retaliate against him.

March 20, 2008, Defendant Galloway was the Sergeant, and personally approved of C.O. Dotson's inventory of plaintiff's property and signed the forms which were blank of typewriter, typewriter ribbons and most of all plaintiff's property to conceal and cover up theft of ribbons and daisy print wheels.

These Defendants' acted in concert to obstruct justice in violation of Title 42 U.S.C. §1985(a)(2).

LEGAL ARGUMENT

On March 20, 2008, these Defendants' conspired to further retaliate against the plaintiff for suing them, and fabricated a allegation without any evidence, but claimed a confidential source to prevent review and the discovery that no evidence supported plaintiff's Ad Seg. (See, Nonnette v. Small (9th Cir. (Cal.) 2002) 316 F.3d 872, 878-879.)

On March 24, 2008, Defendant Ambriz retaliated and back-dated an RVR which was delivered to plaintiff in Ad Seg, and this was done to bolster the fabricated allegation of threats against staff. (Exh. C.) (See, Johnson v. Litscher (7th Cir. 2001) 260 F.3d 826, 830-831.)

The March 24, 2008, RVR is a separate retaliatory action by Ambriz, as the Ninth Circuit stated where a prisoner was disciplined for "coercing or attempting to coerce any official action" when he told correctional officer that he would inform the court about the officer's behavior in his pending lawsuit; there was a triable issue of fact whether the prison regulation authorizing such punishment violated free speech rights. Hargis v. Foster (9th Cir. 2002) 312 F.3d 404.

Further, when prosecuting a lawsuit, a prisoner proceeding in pro se has the constitutional right to undertake legal investigation and documentation of his claims in the manner any attorney would, subject to prison security and disciplinary requirements. Valandingham v. Bojorquez (9th Cir. 1989) 866 F.2d 1135.

3

The lawsuit stems from C.O. Ambriz turning off the electrical power into plaintiff's cell to prevent him from typing litigation against Salinas Valley State Prison and the Guards in case No. C-07-0763-JF. Therefore, the intention of the Defendant(s) has been to stop his use of his typewriter, and this is retaliation. (See, Hines v. Gomez (9th Cir. 1997) 108 F.3d 265; DeWalt v. Carter (7th Cir. 2000) 224 F.3d 607.)

The Defendants' used the unconstitutional placement of plaintiff in Ad Seg to achieve the very same ends (to take his typewriter), and committed numerous violations of plaintiff's First and Fourteenth Amendment rights violating Cato v. Rushen (9th Cir. 1987) 824 F.2d 703, 705-706. (See, Exhibits D and E.)

The Defendants confiscation of his typewriter does not meet the "Turner Test," and is clear obstruction of plaintiff's lawsuits without any penological objective. (Bradley v. Hall 64 F.3d 1276, 1280: "Where appropriate, we must also look to see if the prison rule is an "exaggerated response to prison concerns." Turner v. Safley, 482 U.S. at 89-90, 107 S.Ct. at 2261-62. In order to determine whether a rule, even if rationally related to a legitimate interest, is an exaggerated response, we must balance the importance of the prisoner's infringed right against the importance of the penological interest served by the rule. We must also examine the strength of the logical nexus between the penological purpose served and restriction of the prisoner's rights.")

The Defendants' Opposition does not cite any authority, nor mention a legitimate basis for withholding his typewriter.

Further, Defendants' Opposition in argument II (Defs.' Opp. pg. 3), is moot, since the First Amended Complaint has rendered all pending motions as moot because they do not relate to the operative First Amended Complaint. (See, Doe v. United States (9th Cir. 1995) 58 F.3d 494, 496-97.)

## CONCLUSION

Wherefore, the plaintiff respectfully prays that this Honorable Court shall grant his motion for access to his personal typewriter in his cell with extension cord, since it is less dangerous than a Television; further, Defendants' could grant plaintiff Temporary Transport Unit (TPU), but have singled out plaintiff for retaliatory punishment without any RVR or supporting reason.

## VERIFICATION

I, Richard J. Crane, do hereby affirm under the penalty of perjury that the foregoing is true and correct to the best of his knowledge.

Dated: August 06, 2008.

Respectfully submitted,

_____
Richard J. Crane, in pro se

# EXHIBIT A

# ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

**DEPARTMENT OF CORRECTIONS**

FROM: A3/124L   TO: A9-196L

DISTRIBUTION:
WHITE - CENTRAL FILE   CANARY - WARDEN
BLUE - INMATE (2ND COPY)   PINK - HEALTH CARE MGR
GREEN - ASU   GOLDENROD - INMATE (1ST COPY)

| INMATE'S NAME | CDC NUMBER |
|---|---|
| CRANE | C44519 |

## REASON(S) FOR PLACEMENT (PART A)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
[ ] ENDANGERS INSTITUTION SECURITY
[ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT: Inmate CRANE, C44519, on 03-20-08, you are being placed in Administrative Segregation pending your involvement in a threat against staff at Salinas Valley State Prison/Facility A-SV. This is due to staff at Facility A-SV having received confidential information implicating you with regard to the aforementioned (alleged) offense. Your continued presence on Facility A would not only compromise the integrity of the investigation, but your continued presence is deemed an immediate threat to the safety and security of the institution. You will remain in Ad-Seg. pending completion of the investigation (to be conducted by Officer Wilson, of the ISU), possible adjudication of the disciplinary process, and ICC review for future programming and housing needs. This placement is ordered by Lieutenant G. Biaggini, and it may affect your custody level, credit earning, privilege group and visiting status. You are not a participant in the Mental Health Services Delivery System at any level of care.

[ ] CONTINUED ON ATTACHED PAGE   [X] IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: 3/20/08

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| 03-20-08 | G. Biaggini | [signature] | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 3-20-08 | 1250 | V. LIZAOLA | [signature] | C/O |

[X] INMATE REFUSED TO SIGN   INMATE SIGNATURE: RTS   CDC NUMBER:

## ADMINISTRATIVE REVIEW (PART B)
The following to be completed during the initial administrative review by Captain or higher by the first working day following placement

### STAFF ASSISTANT (SA)
STAFF ASSISTANT'S NAME / TITLE

### INVESTIGATIVE EMPLOYEE (IE)
INVESTIGATIVE EMPLOYEE'S NAME / TITLE

**IS THIS INMATE:**
- LITERATE? [X] YES [ ] NO
- FLUENT IN ENGLISH? [X] YES [ ] NO
- ABLE TO COMPREHEND ISSUES? [X] YES [ ] NO
- FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? [X] YES [ ] NO
- DECLINING FIRST STAFF ASSISTANT ASSIGNED? [X] YES

- EVIDENCE COLLECTION BY IE UNNECESSARY [X] YES [ ] NO
- DECLINED ANY INVESTIGATIVE EMPLOYEE [X] YES [ ] NO
- ASU PLACEMENT IS FOR DISCIPLINARY REASONS [X] YES [ ] NO
- DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED [X] YES

Any "NO" requires SA assignment
[X] NOT ASSIGNED

Any "NO" may require IE assignment
[ ] NOT ASSIGNED

## INMATE WAIVERS
[X] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER
[X] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME
[X] NO WITNESSES REQUESTED BY INMATE

INMATE SIGNATURE / DATE

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| | | | |
| | | | |

**DECISION:** [ ] RELEASE TO UNIT/FACILITY  [X] RETAIN PENDING ICC REVIEW  [X] DOUBLE CELL  [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION: Presents an immediate threat to the safety of self or others.

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| | | | | |

| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME (if necessary) | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE (if necessary) | DATE OF REVIEW |
|---|---|---|
| | | |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

# EXHIBIT B

# CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION

NAME: CRANE            CDCR #: C44519            BED: D9-196L

## COMMITTEE ACTION SUMMARY

RETAIN ASU PENDING COMPLETION OF INVESTIGATION BY SVSP-ISU, CONFIRM DOUBLE CELLING/PLACE ON WALKALONE YARD. PSYCH. CLEAR.

## COMMITTEE'S COMMENTS

Inmate CRANE appeared before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Initial ASU Review. CRANE stated that his health was good and was willing to proceed. CRANE received his 72-hour notice for the purpose of this review. Prior to committee reviewing and discussing this case, CRANE was introduced to the committee members. According to CRANE'S CDC 114D, he was placed into SVSP's ASU on 3/20/2008 for: Involvement threats against staff. ICC notes that the inmate was placed in ASU for possible involvement of making threats against staff. ICC notes that the case will not be referred to CSR for ASU extension. ICC notes that the investigation will be completed within thirty (30) days and the inmate will be seen at his program review for appropriate programming needs.

Based upon a review of CRANE'S CDC 114D, Central File, case factors, and thorough discussion with him, committee elects to: Retain ASU pending completion of investigation by SVSP-ISU, confirm double celling/Place on walkalone yard. Psych. Clear.

At the conclusion of this review, CRANE was informed of his Appeal Rights with regards to this committee's actions. CRANE acknowledged his understanding and disagreement with committee's actions.

**STAFF ASSISTANT**

Not Assigned: (Issues not complex and non-participant in MHSDS)

### INMATE'S CASE FACTORS

| CUSTODY | PS/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | ETHNIC | PSYCH - DATE 128C | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|
| MAX | 119/IV | D1D - 3/20/2008 | MEPD 5/10/1997 | 9.7 | 5/11/2008 | WHI | Clear | SUB 2  3/2007 |

### COMMITTEE MEMBERS

E. Jones, CDW (A)
CHAIRPERSON

MEMBERS
D. Mantel, FC.; D. Hamlin, Psy.D

A. Williams, CCII (Sup)
RECORDER

Committee Date: 3/27/2008            **INITIAL ASU REVIEW**            Committee: A032708ALW1

Typed By: ALW - Distribution: C-File & Inmate    SALINAS VALLEY STATE PRISON    Classification Chrono CDCR 128G (Rev: 10/07)

INMATE COPY

# EXHIBIT C

STATE OF CALIFORNIA                                                                                                       DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| C-44519 | CRANE | | 05/10/1997 | SVSP | A3-124L | A09-03-0020 |
| VIOLATED RULE NO(S). | SPECIFIC ACTS | | | LOCATION | DATE | TIME |
| C.C.R. 3013 | Unlawful Influence | | | Fac. "A" Bldg. 3 | 03/16/08 | 1320 hours |

**CIRCUMSTANCES**

On 03/16/08, at approximately 1320 hours, while I was performing my duties as Facility A-3 Control Booth Officer, I observed Inmate CRANE (C-44519, A3-121) attempt to exit his cell during lower tier PDO only yard release. Inmate CRANE was given a direct verbal order by Correctional Officer Seward Unit 3 Floor Officer, to return to his assigned cell. Inmate CRANE then loudly demanded that he be released to the yard so that he can conduct interviews for his lawsuits against myself and other staff members. Officer Seward stated to Inmate CRANE that unless Facility Staff has been given a memorandum to allow said time, that all his legal matters need to be completed on his on time. Inmate CRANE then loudly stated, "Then I'll just add you to my lawsuit." Inmate CRANE still refused to return to his cell and further stepped out into the dayroom in an attempt to provoke myself. He then loudly and aggressively yelled to me, "You have to let me out to the yard so I can interview witnesses in my federal lawsuit against you guys."

CONTINUED SEE CDCR 115-C

Inmate CRANE **is not** a participant in the Mental Health Services Delivery System.

REPORTING EMPLOYEE (Typed Name and Signature): ▶ D. Ambriz, Correctional Officer
ASSIGNMENT: A-3 Cont. Booth Officer
RDO'S: M/T

OFFENSE DIVISION: D

CDC 115  A09-03-0023

CDC 115 (7/88)

# EXHIBIT D

State of California

No. C-44519

NAME: CRANE

Department of Corrections
CDC 128-G

Comment: 30 day ASU extension from this date approved to complete casework as described herein. S was originally placed in ASU due to confidential information implicating S in making threats against staff. S was issued a CDC 1030 citing a confidential memorandum dated 3-20-08. There is not a confidential memo dated 3-20-08 in the confidential file. It appears that the memorandum in question is dated 3-24-08. The CDC 1030 needs to accurately reflect the information. Clarification is requested regarding enemy concerns noted in confidential memo dated 3-24-08 as there appears to be conflicting information.. As the basis of the ASU placement was due to a potential SHUable offense a closure statement is needed to address the RVR. If committee acts to retain S in ASU a new CDC 114D is required.

Return to CSR no later than 6/12/2008 with status update.

J Parker, CSR

Date: 5/13/2008

Classification - CSR ACTION

SVSP

Williams

# EXHIBIT E

State of California  Department of Corrections
CDC 128-G

No. C-44519  NAME: CRANE

*Comment*: **DEFERRED.**

This case was referred for alternate SNY endorsement but it cannot be endorsed at this time because of a due process omission that requires a return to ICC. The inmate was originally placed in AU for investigation of threats against staff. The reasons for retention changed to confidential enemy concerns and the inmate received a new CDC-114d but did not receive a CDC-1030 with the new information. Also, the referring CDC-128g does not give a clear reason about why the inmate cannot remain at SVSP. This case is referred back to ICC for a new placement hearing and referral after a new 1030 is issued to the inmate. A 30 day ASU extension is approved to facilitate this issue. Please return the case to the CSR NLT 7/20/08.

E. Donnelly, CSR

**Date: 6/20/2008**  **Classification - CSR ACTION**  **SVSP**



STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, __Richard J. Crane__ declare under penalty of perjury that: I am the __Plaintiff__ in the above entitled action; I have read the foregoing documents and know the contents thereof and the same is true of my own knowledge, except as to matters stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this __6th__ day of __August__, 20__08__, at Salinas Valley State Prison, Soledad, California 93960-1050.

(Signature) _____
DECLARANT/PRISONER

---

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, __Richard J. Crane__, am a resident of California State Prison, in the County of Monterey, State of California; I am over the age of eighteen (18) years and am/~~am not~~ a party of the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-1050.

On __August 6th__, 20__08__, I served the foregoing: __PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR USE OF PERSONAL TYPEWRITER__

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas Valley State Prison, Soledad, California 93960-1050.

__Danielle O'Bannon, Attorney General__
__455 Golden Gate Ave., Suite 11000__
__San Francisco, CA 94102-7004__

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular communication by mail between the place of mailing and the place so addressed.

---

I declare under penalty of perjury that the foregoing is true and correct.

DATED: __August 6th__, 20__08__,    _____
DECLARANT/PRISONER
Richard J. Crane

Salinas Valley State Prison, D9-196
P.O. Box 1050
Soledad, CA 93960-1050

CONFIDENTIAL
LEGAL MAIL

STATE PRISON
GENERATED MAIL

CLERK OF THE COURT U.S. NORTHERN
DISTRICT OF CALIFORNIA
280 South First Street, #2112
San Jose, CA 95113-3095

